STATE OF NORTH CAROLINA v. JEFFREY TYRONE McCULLERS

No. 8511SC126

(Filed 15 October 1985)

1. **Criminal Law § 112.1— refusal to give requested instruction on reasonable doubt**

     The trial court did not err in refusing to give defendant's requested instruction on reasonable doubt where the instruction given was substantially as requested by defendant and was in all regards a proper, correct and true instruction on the meaning of reasonable doubt.

2. **Robbery § 5.4— armed robbery case—instruction on misdemeanor larceny not required**

     The evidence in an armed robbery prosecution did not require an instruction on misdemeanor larceny where all the evidence tended to show that the taking of money from a store was occasioned by the violent act of defendant in striking the owner over the head with a soft drink bottle and that when the money was taken from a cash register the owner was crawling toward another section of the store counter.

3. **Criminal Law § 113.1— impeaching evidence favorable to defendant—failure to summarize**

     The trial court did not err in failing to summarize evidence favorable to defendant which tended only to impeach the State's witnesses and did not go to the establishment of a substantive defense.

4. **Criminal Law § 138— aggravating factor—prior convictions—crimes committed after crime for which sentence imposed**

     As used in G.S. 15A-1340.4, "prior conviction" means one that is obtained before defendant is sentenced for another offense. Therefore, two prior convictions for uttering forged paper could be used to aggravate sentences imposed for robbery and assault even though the uttering offenses occurred after the robbery and assault.

5. **Criminal Law § 138— same factors aggravating two convictions**

     The same factors may properly be used to aggravate more than one conviction.

APPEAL by defendant from *Martin (John C.), Judge.* Judgments entered 26 January 1984 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 23 September 1985.

Defendant was charged in proper bills of indictment with robbery with a dangerous weapon and assault with a deadly weapon with intent to kill inflicting serious injury. The State proceeded to trial on the charges of robbery with a dangerous weapon and

assault with a deadly weapon inflicting serious injury. At trial the State offered evidence tending to show the following:

On 23 October 1983 a lone black male entered a store in Selma, North Carolina, owned by H. B. Jernigan and ordered a can of beer. As Mr. Jernigan went to get the beer, he was struck in the head with a soft drink bottle, causing serious injury. The assailant then took "about thirty dollars" from the cash register and fled from the store. Mr. Jernigan testified that defendant was the man who attacked him. Another witness testified that defendant was the man she had seen run out of the store. Defendant was arrested within two hours of the incident. He allegedly admitted to a State Bureau of Investigation agent that he hit the victim with a soft drink bottle and had intended to rob the store, but that he had become frightened and left before taking any money. Defendant offered no evidence at the trial.

Defendant was found guilty of common law robbery and assault with a deadly weapon inflicting serious injury and appealed from judgment imposing consecutive ten year sentences.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Narron, O'Hale, Whittington & Woodruff, by John P. O'Hale, for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first assigns error to the definition of "reasonable doubt" used in the court's charge to the jury. The instruction prepared by defendant was not used, and he now argues that the instruction given to the jury did not conform to his requested instruction and that it erroneously placed upon defendant the burden of establishing the existence of a reasonable doubt. A trial judge is not required to give an instruction exactly as requested, but is merely required to give a correct instruction of the applicable law. *State v. Monk,* 291 N.C. 37, 54, 229 S.E. 2d 163, 174 (1976). The record in the present case reveals that the instruction given to the jury was substantially as requested by defendant, and was in all regards a proper, correct, and true instruction on the meaning of reasonable doubt. This assignment of error is without merit.

[2]   Defendant next assigns error to the court's failure to in-
struct the jury on the lesser included offense of misdemeanor
larceny. Defendant contends that the evidence favorable to him
established the elements of the offense of misdemeanor larceny,
and that the court's failure to charge the jury on this offense was,
therefore, prejudicial error. Defendant's claims that the evidence
shows 1) "that the larceny took place . . . out of the presence of
the victim" and 2) "that the larceny itself was not occasioned by
the violent acts of the defendant" are wholly unsupported by the
evidence. All of the evidence tends to show that the taking of the
money was "occasioned by the violent acts of the defendant,"
namely striking the victim over the head with a soft drink bottle.
The evidence also tends to show that when the money was taken
from the cash register the victim was crawling toward another
section of the store counter. There is absolutely no evidence in
the record to support the giving of an instruction on misdemeanor
larceny. This assignment of error is without merit.

[3]   Defendant next argues that "the trial court erred in failing
to summarize evidence favorable to the defendant during the
court's charge to the jury." In his brief defendant relies heavily
upon *State v. Sanders*, 298 N.C. 512, 259 S.E. 2d 258 (1979), *cert.
denied*, 454 U.S. 973, 102 S.Ct. 523, 70 L.Ed. 2d 392 (1981), to sup-
port his contention that evidence favorable to a defendant must
be summarized if the court summarized the State's evidence.
Defendant fails to note, however, that our Supreme Court has
held that "while a trial judge must summarize evidence favorable
to defendant which is brought out on cross-examination, there is
no requirement that this be done when the evidence goes not to
the establishment of a substantive defense but rather is of an im-
peaching quality and effect." *State v. McDowell*, 301 N.C. 279,
292, 271 S.E. 2d 286, 295 (1980).

    In the present case all of the evidence which defendant con-
tends should have been summarized tends to impeach the State's
witnesses. As such it was not error for the trial court to refuse to
summarize it during the charge to the jury. This assignment of
error is without merit.

[4]   Defendant's final assignment of error alleges two violations
of the Fair Sentencing Act, G.S. 15A-1340.4. Defendant first con-
tends that his two convictions for uttering forged paper could not

be used to aggravate the sentences given in the present case. Because these convictions were obtained in December 1983, more than one month after the incident at Mr. Jernigan's store, defendant claims that they are not "prior convictions" under G.S. 15A-1340.4. This argument is totally baseless. The statute contains no language to support defendant's argument that the legislature intended to define "prior conviction" as a conviction obtained before a later offense was committed. We believe that a fair reading of the statute defines "prior conviction" as one that is obtained before the defendant is sentenced for another offense. Since the record clearly shows that defendant had two prior convictions for uttering forged papers, those convictions were properly used to support the aggravating factor found by the trial judge.

[5] Defendant also contends that it was error for the trial court to consider the same factors in aggravation of both sentences. No appellate court in this State has ever held that the same factor may not be used to aggravate more than one conviction, and we decline defendant's invitation to adopt such a principle. This assignment of error is without merit.

No error.

Judges BECTON and PARKER concur.