STATE OF NORTH CAROLINA v. JESSE DWIGHT MIXION, Defendant

No. 9421SC587

(Filed 18 April 1995)

1. **Criminal Law § 1236 (NCI4th)—second-degree murder and assault—sentencing—mitigating factors—victims more than 16 years old and voluntary participants**

There was no error in resentencing defendant for second-degree murder and assault with a deadly weapon with intent to kill inflicting serious injury where the court failed to find *ex mero motu* as a mitigating factor that the victims were more than sixteen years old and voluntary participants in defendant's conduct. Defendant did not ask the trial judge to find this mitigating factor

STATE v. MIXION

[118 N.C. App. 559 (1995)]

at the sentencing rehearing and the evidence did not so clearly establish the fact in issue that no reasonable inference to the contrary can be drawn.

**Am Jur 2d, Criminal Law §§ 598, 599.**

**2. Criminal Law § 1185 (NCI4th)— second-degree murder and assault—aggravating factors—prior conviction—additional conviction between first sentencing and resentencing following appeal**

The trial court did not err in resentencing defendant for second-degree murder and assault with a deadly weapon inflicting serious injury by finding the aggravating factor of prior convictions based upon drug convictions which occurred subsequently to the murder and assault convictions but before the resentencing for the murder and assault convictions. The record is devoid of any evidence that shows or suggests that defendant's drug convictions were not final at the resentencing date and, based on a plain reading of N.C.G.S. § 15A-1340.2(4), defendant had a prior conviction at the time of resentencing.

**Am Jur 2d, Criminal Law §§ 551-556.**

**3. Criminal Law § 1081 (NCI4th)— second-degree murder and assault—resentencing—aggravating factor outnumbered but not outweighed by mitigating factors**

There was no abuse of discretion in a resentencing hearing for second-degree murder and assault with a deadly weapon inflicting serious injury where the court found that the aggravating factor outweighed the mitigating factors and imposed a fifty-two year sentence.

**Am Jur 2d, Criminal Law §§ 580-587.**

Appeal by defendant from judgment entered 9 December 1993 by Judge W. Steven Allen, Sr. in Forsyth County Superior Court. Heard in the Court of Appeals 28 February 1995.

*Attorney General Michael F. Easley, by Assistant Attorney General John G. Barnwell, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Daniel R. Pollitt, for defendant-appellant.*

JOHNSON, Judge.

Defendant Jesse Dwight Mixion was found guilty of second degree murder and assault with a deadly weapon with intent to kill inflicting serious injury on 5 April 1991. Judge W. Steven Allen, Sr. found aggravating and mitigating factors in both cases, entered judgments and commitments, and sentenced defendant to forty years imprisonment for the murder conviction and twelve more consecutive years imprisonment for the assault conviction, for a total of fifty-two years imprisonment. Defendant appealed to our Court. Our Court affirmed defendant's conviction but remanded the case for new sentencing hearings. *State v. Mixion,* 110 N.C. App. 138, 429 S.E.2d 363, *disc. review denied,* 334 N.C. 437, 433 S.E.2d 183 (1993).

The cases came on together for resentencing, again before Judge Allen. On 9 December 1993, Judge Allen found aggravating and mitigating sentencing factors in both cases, entered judgments and commitments, and sentenced defendant to forty years imprisonment for the murder conviction and twelve more consecutive years imprisonment for the assault conviction, for a total of fifty-two years imprisonment. Defendant has again appealed to our Court.

[1] Defendant presents several arguments to support his contention that he should receive a new sentencing hearing. Defendant first argues that the trial court erroneously failed to find as a mitigating factor that the victims were more than sixteen years old and voluntary participants in defendant's conduct. We initially note that defendant did not ask the trial judge to find this mitigating factor at the sentencing rehearing; defendant now argues that the trial court should have found this mitigating factor *ex mero motu.*

In *State v. Gardner,* 312 N.C. 70, 73, 320 S.E.2d 688, 690 (1984), our Supreme Court stated, "[w]e wish to make it abundantly clear that the duty of the trial judge to find a mitigating factor that has not been submitted by defendant arises only when the evidence offered at the sentencing hearing supports the existence of a mitigating factor *specifically listed in N.C. Gen. Stat. § 15A-1340.4(a)(2)* and when the defendant meets the burden of proof established in *State v. Jones,* 309 N.C. 214, 306 S.E.2d 451 (1983)." The defendant's position

> is analogous to that of a party with the burden of persuasion seeking a directed verdict. He is asking the court to conclude that "the evidence so clearly establishes the fact in issue that no reason-

able inferences to the contrary can be drawn," and that the credibility of the evidence "is manifest as a matter of law."

*Gardner*, 312 N.C. at 72, 320 S.E.2d at 690 (*quoting State. v. Jones*, 309 N.C. at 220, 306 S.E.2d at 455) (citations omitted).

After a review of the record, we find that the evidence did not so clearly establish "the fact in issue" so "that no reasonable [inference] to the contrary can be drawn." The trial court did not err in failing to find as a mitigating factor that the victims were more than sixteen years old and voluntary participants in defendant's conduct.

[2] Defendant next argues that the trial court erroneously found the aggravating factor of prior convictions. Defendant states that the question presented here is "whether, at a resentencing [hearing] under the Fair Sentencing Act, a judge may aggravate a sentence under G.S. 15A-1340.4(a)(1)o with a conviction that was entered after [his conviction and] first sentencing [on 5 April 1991,] but before [his] resentencing [on 9 December 1993]." The chronology of events in the instant matter is as follows:

| | |
|---|---|
| 5 July 1990: | date of murder and assault offenses |
| 15 March 1991: | date of drug offenses |
| 5 April 1991: | date of conviction and sentencing of murder and assault offenses |
| 23 September 1991: | date of conviction and sentencing of drug offenses |
| 9 December 1993: | date of resentencing of murder and assault offenses |

Defendant cites *State v. Coffey*, 336 N.C. 412, 444 S.E.2d 431 (1994) for his contention that his drug convictions which occurred subsequent to the murder and assault convictions cannot serve as a prior conviction to enhance his sentence on the murder and assault convictions. Defendant's reliance upon *Coffey* is misplaced. In *Coffey*, the Court was faced with the meaning of the phrase "history of prior criminal activity" which was not clearly defined by statute or case law. The *Coffey* Court held that " 'history of prior criminal activity' as used in N.C.G.S. § 15A-2000(f)(1) refers to criminal activity occurring before the murder." *Coffey*, 336 N.C. at 418, 444 S.E.2d at 435. Otherwise, the Court noted, "[i]f this language were to refer to defendant's criminal activity up to the time of sentencing, the word

'prior' would have no meaning since at the time of sentencing the defendant's criminal activity prior to sentencing is identical to his 'history of criminal activity.' " *Id.* at 418, 444 S.E.2d at 434.

Here, we are not faced with a lack of clarity requiring interpretation of the phrase "prior conviction" as it is defined in North Carolina General Statutes § 15A-1340.2(4) (1988) and referenced in North Carolina General Statutes § 15A-1340.4(a)(1)(o) (1988). North Carolina General Statutes § 15A-1340.2(4) defines prior conviction as follows:

[The following definitions apply in this Article.]

. . .

(4) Prior Conviction.—A person has received a prior conviction when he has been adjudged guilty of or has entered a plea of guilty or no contest to a criminal charge, and judgment has been entered thereon, and the time for appeal has expired, or the conviction has been finally upheld on direct appeal.

The definition clearly states that the point in time a conviction is to be considered a *prior* conviction is (1) after the time for appeal has expired, or (2) the conviction has been finally upheld on direct appeal. The record is devoid of any evidence that shows or suggests that at the 9 December 1993 resentencing date, defendant's drug convictions were not final.

Based on a plain reading of the statute, we find that at the time of resentencing, defendant had a prior conviction. (Our holding is buttressed by the newly enacted North Carolina General Statutes § 15A-1340.11(7) (Cum. Supp. 1994), applicable to offenses occurring on or after 1 October 1994, which states "[a] person has a prior conviction when, on the date a criminal judgment is entered, the person being sentenced has been previously convicted of a crime. . . ." The statute goes on to explain how an appeal of the conviction affects whether it is a prior conviction.)

The State quotes *State v. McCullers*, 77 N.C. App. 433, 436, 335 S.E.2d 348, 350 (1985), where our Court said, "[w]e believe that a fair reading of [North Carolina General Statutes § 15A-1340.4(a)(1)(o)] defines 'prior conviction' as one that is obtained before the defendant is sentenced for another offense." We point out, however, that pursuant to North Carolina General Statutes § 15A-1340.2(4), the time for

appeal for that prior conviction must have expired, or the prior conviction must have been finally upheld on direct appeal.

Therefore, based on North Carolina General Statutes § 15A-1340.2(4), we find in the instant case that the trial court properly found defendant's prior conviction as an aggravating factor at the resentencing.

[3] Defendant's final argument is that the trial court erroneously concluded that the aggravating factor outweighed the mitigating factors and erroneously imposed a fifty-two year sentence. We reject this argument. See State v. Parker, 319 N.C. 444, 448, 355 S.E.2d 489, 491 (1987) where the Court stated, "[i]t is well established that one aggravating factor may outweigh several mitigating factors." The trial court did not abuse its discretion in the instant case by finding that the aggravating factor outweighed the mitigating factors.

No error.

Judges JOHN and MARTIN, MARK D. concur.