STATE OF NORTH CAROLINA
v.
SHAWN LAMONT BORDERS.
No. COA04-1463
North Carolina Court of Appeals.
Filed June 21, 2005.
This case not for publication
Cleveland County, No. 01 CRS 52965.
Attorney General Roy Cooper, by Assistant Attorney General Amy C. Kunstling, for the State.
The Teeter Law Firm, by Kelly Scott Lee, for defendant-appellant.
McGEE, Judge.
Defendant was convicted of robbery with a dangerous weapon on 25 September 2002 and was sentenced by Superior Court Judge Forrest Donald Bridges to a minimum term of 146 months and a maximum term of 185 months. Our Court found error in the determination of aggravating factors and the case was remanded for resentencing. State v. Borders, 164 N.C. App. 120, 594 S.E.2d 813 (2004). Defendant was re-sentenced by Superior Court Judge Richard D. Boner to a minimum term of 120 months and a maximum term of 153 months on 23 June 2004. Between the 25 September 2002 conviction and the 23 June 2004 sentencing, defendant was convicted of another crime on 21 October 2002. As result of this 21 October 2002 conviction, the trial court determined defendant to have a prior record level of V,rather than IV, as he had at the time of his original 25 September 2002 sentencing.
The sole issue on appeal is whether the trial court erred by including this 21 October 2002 conviction, which occurred after the original conviction and sentencing but before the resentencing, in its determination of defendant's prior record level. For the following reasons, we find no error.
A prior conviction is defined by N.C. Gen. Stat. § 15A-1340.11(7) as follows:
Prior conviction.  A person has a prior conviction when, on the date a criminal judgment is entered, the person being sentenced has been previously convicted of a crime[.]
N.C. Gen. Stat. § 15A-1340.11(7)(2003)(emphasis added). According to this statute, a person has a prior conviction if he has the conviction as of the time he is being sentenced. Defendant had the 21 October 2002 conviction prior to being resentenced by the trial court for the 25 September conviction. Thus, under N.C.G.S. § 15A-1340.11(7), defendant had a prior conviction that the trial court properly considered as part of defendant's prior record.
Our decision is further supported by State v. Mixion, 118 N.C. App. 559, 455 S.E.2d 904 (1995), a case interpreting similar provisions of the Fair Sentencing Act. In that case the defendant was convicted and sentenced on 5 April 1991. While his case was on appeal, he was convicted of another offense on 23 September 1991. Resentencing was ordered by this Court and when the defendant was resentenced on 9 December 1993, the conviction entered on 23September 1991 was found as a prior conviction, even though it was entered subsequent to the original sentencing. Our Court affirmed the finding of the 23 September 1991 conviction as a prior conviction. In a parenthetical this Court noted that "[o]ur holding is buttressed by the newly enacted North Carolina General Statutes § 15A-1340.11(7) (Cum. Supp. 1994) . . . which states `[a] person has a prior conviction when, on the date a criminal judgment is entered, the person being sentence has been previously convicted of a crime. . . .'" Id. at 563, 455 S.E.2d at 906.
No error.
Judges HUDSON and LEVINSON concur.
Report per Rule 30(e).