STATE OF NORTH CAROLINA v. KENNETH EARL PRITCHARD

No. COA06-1559

(Filed 18 September 2007)

**Sentencing— prior record level on resentencing—conviction after sentencing**

When recalculating a defendant's prior record level at resentencing, the court may consider a conviction that was entered after the original sentencing but before the resentencing.

Appeal by Defendant from judgments entered 8 June 2006 by Judge William C. Griffin in Superior Court, Beaufort County. Heard in the Court of Appeals 22 August 2007.

*Attorney General Roy Cooper, by Associate Attorney General LaToya B. Powell, for the State.*

*Geoffrey W. Hosford for Defendant.*

McGEE, Judge.

Kenneth Earl Pritchard (Defendant) entered a plea of guilty to second-degree murder and assault with a deadly weapon with intent to kill. Superior Court Judge Jack W. Jenkins entered judgment on 27 October 2003 and sentenced Defendant to a term of 196 months to 245 months in prison for second-degree murder and to a consecutive term of 31 months to 47 months in prison for the assault charge. Defendant appealed, and in *State v. Pritchard*, 172 N.C. App. 174, 616 S.E.2d 28 (2005) (unpublished), our Court

found error in the determination of aggravating factors and remanded the case for re-sentencing.

Defendant was re-sentenced on 8 June 2006 by Superior Court Judge William C. Griffin to a term of 189 months to 236 months in prison for second-degree murder and to a consecutive term of 29 months to 44 months in prison for the assault charge. Between Defendant's sentencing on 27 October 2003 and his re-sentencing on 8 June 2006, Defendant was convicted of another offense on 28 March 2005. As a result of the 28 March 2005 conviction, the trial court determined that Defendant had a prior record level of II at re-sentencing, rather than a record level of I, as he had at the time of his original sentencing on 27 October 2003.

Defendant argues the trial court erred by including his 28 March 2005 conviction in the determination of his prior record level because that conviction did not exist at the time Defendant was originally sentenced. N.C. Gen. Stat. § 15A-1340.14(a) (2005) provides:

The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions that the court, or with respect to subdivision (b)(7) of this section, the jury, finds to have been proved in accordance with this section.

N.C. Gen. Stat. § 15A-1340.11(7) (2005) states: "Prior conviction.—A person has a prior conviction when, on the date a criminal judgment is entered, the person being sentenced has been previously convicted of a crime[.]"

Our Court previously decided the precise issue presented in the present case in *State v. Borders*, 171 N.C. App. 363, 615 S.E.2d 96 (2005) (unpublished). Although we are not bound by a prior unpublished decision, *see United Services Automobile Assn. v. Simpson*, 126 N.C. App. 393, 396, 485 S.E.2d 337, 339, *disc. review denied*, 347 N.C. 141, 492 S.E.2d 37 (1997) (holding that this Court is not bound by a prior unpublished decision of another panel of this Court), we find the reasoning of *Borders* instructive. In *Borders*, we held that "[a]ccording to [N.C.G.S. § 15A-1340.11(7)], a person has a prior conviction if he has the conviction as of the time he is being sentenced." Therefore, our Court held that because the defendant in *Borders* had the conviction at the time he was re-sentenced, the trial court properly considered the conviction in determining the defendant's prior record level.

In support of the holding in *Borders*, our Court also relied upon *State v. Mixion*, 118 N.C. App. 559, 455 S.E.2d 904 (1995), which interpreted similar provisions of the Fair Sentencing Act. In *Mixion*, the defendant was convicted and sentenced on 5 April 1991. *Id.* at 561, 455 S.E.2d at 905. The defendant appealed and our Court affirmed the conviction, but remanded the case for re-sentencing. *Id.* Between the time of the defendant's original sentencing and his re-sentencing hearing, the defendant was convicted of another offense. *Id.* at 562, 455 S.E.2d at 905. Based upon this offense, the trial court, at the defendant's re-sentencing hearing, found the aggravating factor of a prior conviction. *Id.* Our Court held that "at the time of resentencing, [the] defendant had a prior conviction[]" and, therefore, the trial court properly found this prior conviction as an aggravating factor. *Id.* at 563-64, 455 S.E.2d at 906. In a parenthetical, our Court noted:

> Our holding is buttressed by the newly enacted [N.C. Gen. Stat.] § 15A-1340.11(7) (Cum. Supp. 1994), applicable to offenses occurring on or after 1 October 1994, which states "[a] person has a prior conviction when, on the date a criminal judgment is entered, the person being sentenced has been previously convicted of a crime[.]"

*Id.* at 563, 455 S.E.2d at 906.

In support of his argument, Defendant relies upon N.C. Gen. Stat. § 15A-1331(b), which provides: "For the purpose of imposing sentence, a person has been convicted when he has been adjudged guilty or has entered a plea of guilty or no contest." N.C. Gen. Stat. § 15A-1331(b) (2005). However, this statute speaks only to the issue of when a person is deemed to have a conviction. Our Court has " 'interpreted N.C. Gen. Stat. § 15A-1331(b) to mean that formal entry of judgment is not required in order to have a conviction.' " *State v. Canellas*, 164 N.C. App. 775, 778, 596 S.E.2d 889, 891 (2004) (quoting *State v. Hatcher*, 136 N.C. App. 524, 527, 524 S.E.2d 815, 817 (2000)). In other words, a person has a conviction immediately upon being found guilty by a jury, *see State v. Fuller*, 48 N.C. App. 418, 420, 268 S.E.2d 879, 881, *disc. review denied*, 301 N.C. 403, 273 S.E.2d 448 (1980), or upon pleading guilty or no contest. *See Hatcher*, 136 N.C. App. at 527, 524 S.E.2d at 817. In contrast, N.C.G.S. § 15A-1340.11(7) specifies the point at which a conviction qualifies as a "prior conviction." Under N.C.G.S. § 15A-1340.11(7), a person has a prior conviction if the person has that conviction, as determined by N.C.G.S.

§ 15A-1331(b), on the date a judgment is entered. In the present case, judgment was entered against Defendant at his re-sentencing on 8 June 2006. At that point in time, Defendant had previously been convicted of another offense on 28 March 2005.

For the reasons stated above, we hold that for purposes of calculating a defendant's prior record level at re-sentencing, a trial court may consider a defendant's conviction that was entered after the defendant's original sentencing, but prior to the defendant's re-sentencing. Therefore, the trial court did not err by considering Defendant's 28 March 2005 conviction in its determination of Defendant's prior record level at re-sentencing. We overrule this assignment of error. Defendant failed to set forth argument pertaining to his remaining assignment of error and we deem it abandoned. *See* N.C.R. App. P. 28(b)(6).

Affirmed.

Judges STEPHENS and SMITH concur.