STATE OF NORTH CAROLINA
v.
DAVID WAYNE CHAFIN, II
No. COA08-895
Court of Appeals of North Carolina
Filed April 7, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Brent D. Kiziah, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Kristen L. Todd, for defendant-appellant.
ROBERT C. HUNTER, Judge.
On 10 November 2004, defendant pled guilty to three counts of possession of stolen goods, one count of possession of a stolen motor vehicle, and one count of habitual DWI. Defendant also admitted he violated probation. The trial court determined that defendant had nine prior record points and was a prior record level IV for sentencing purposes. Defendant was sentenced to an active term of imprisonment for the habitual DWI conviction. On the remaining charges, defendant was sentenced to four consecutive terms of eleven to fourteen months imprisonment each. The trial court suspended the sentences and placed defendant on supervised probation for sixty months. On 1 March 2007, the trial court found that defendant violated the terms of his probation and activated defendant's suspended sentences. Defendant filed a motion for appropriate relief on 12 March 2007 claiming that he had been sentenced at an incorrect prior record level and seeking a new sentencing hearing. Defendant's motion for appropriate relief came on for hearing on 19 November 2007. The trial court found that it had erred in calculating defendant's prior record level. The trial court vacated the orders entered on 10 November 2004 and 1 March 2007, and ordered that defendant be re-sentenced.
The re-sentencing hearing was held on 6 March 2008. At the re-sentencing hearing, the clerk's records showed a DWI, level one, conviction on 22 April 2005 for defendant. Prior to the re-sentencing hearing, it was determined that defendant had eight prior record points. The trial court found that the DWI conviction "would give [defendant] nine points and kick him back into level four." Subsequently, the trial court sentenced defendant to four consecutive terms of eleven to fourteen months imprisonment each. From the judgments entered, defendant appeals.
On appeal, defendant argues that the trial court erred when calculating defendant's prior record level by failing to exercise its discretion when deciding whether to add a point for the 22 April 2005 DWI conviction. Defendant contends that the trial court believed it was mandatory that it add a point for the DWI conviction. Defendant cites the trial court's statement that the question was whether defendant had any offenses that occurred after 10 November 2004 as evidence that the trial court mistakenly believed it lacked discretion when deciding whether to add a point for the 22 April 2005 DWI conviction; therefore, defendant contends, the trial court failed to exercise its discretion. We disagree.
This Court has held that "for purposes of calculating a defendant's prior record level at re-sentencing, a trial court may consider a defendant's conviction that was entered after the defendant's original sentencing, but prior to the defendant's re-sentencing." State v. Pritchard, 186 N.C. App. 128, 131, 649 S.E.2d 917, 919 (2007). "[T]here is error when the trial court refuses to exercise its discretion in the erroneous belief that it has no discretion as to the question presented." State v. Lang, 301 N.C. 508, 510, 272 S.E.2d 123, 125 (1980).
At the re-sentencing hearing, the following exchange occurred:
[DEFENSE COUNSEL]: Well, [defendant] wants to make another run something other than a long prison sentence.
THE COURT: Well, and if I'm remembering correctly, I gave him an active sentence on habitual DWI, which is required by law, and stacked the four and then he violated and screwed up probation.
[DEFENSE COUNSEL]: That's exactly what happened.
. . .
THE COURT: So we've got that additional DWI to add to the work sheet calculations from the earlier order, which will give him nine points, prior record level four.
. . .
[DEFENSE COUNSEL]: Your Honor, His Honor's got discretion to put these in different ways if you want to and 
THE COURT: Oh, I can do whatever, but it's back where we were when it was originally sentenced.
Here, the trial court understood that it was within its discretion to modify the sentence on rehearing. We conclude that the trial court exercised its discretion and determined that it was appropriate to include a point for the 22 April 2005 DWI conviction. Accordingly, the trial court's judgments are affirmed.
Affirmed.
Judges McGEE and JACKSON concur.
Report per Rule 30(e).