STATE OF NORTH CAROLINA v. TERRY BRUCE BALDWIN

No. COA94-941

(Filed 7 February 1995)

**1. Automobiles and Other Vehicles § 818.1 (NCI4th)— habitual impaired driving—sufficiency of indictment**

An indictment for felonious habitual impaired driving sufficiently alleged that defendant had previously been convicted of three driving while impaired offenses where it alleged that defendant was convicted of driving while impaired on 13 November 1989 and twice on 12 December 1989. Furthermore, no fatal variance was shown between the indictment and proof since

defendant's counsel stipulated to the convictions as alleged in the indictment.

**Am Jur 2d, Automobiles and Highway Traffic § 310.**

**2. Criminal Law § 1282 (NCI4th)— habitual felon—habitual impaired driving as predicate felony**

A conviction for habitual impaired driving may serve as a predicate felony for enhancement to habitual felon status under N.C.G.S. § 14-7.1.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 6 et seq.**

**Determination of character of former crime as a felony, so as to warrant punishment of accused as a second offender. 19 ALR2d 227.**

**3. Criminal Law § 68 (NCI4th)— superior court jurisdiction— misdemeanor tried with felony**

Because habitual impaired driving is a substantive felony offense, the superior court had jurisdiction pursuant to N.C.G.S. § 7A-271 to also try defendant for the misdemeanor of driving while impaired.

**Am Jur 2d, Criminal Law §§ 352-357.**

**4. Appeal and Error § 155 (NCI4th)— failure to preserve issue for appeal**

Defendant waived his right to appellate review of the issue of variance between the indictment and proof by failing to raise this issue at trial. N.C. R. App. P. 10(b)(1).

**Am Jur 2d, Appeal and Error §§ 545 et seq.**

**5. Automobiles and Other Vehicles § 143 (NCI4th)— driving while license permanently revoked—sufficiency of indictment**

An indictment alleging that defendant "unlawfully [and] willfully did drive a vehicle on a street or highway while the driver's license issued to him had been permanently revoked" was not defective for vagueness and was sufficient to charge a violation of N.C.G.S. § 20-28(b).

**Am Jur 2d, Automobiles and Highway Traffic § 148.**

Appeal by defendant from judgments entered 14 January 1994 by Judge C. Walter Allen in Buncombe County Superior Court. Heard in the Court of Appeals 17 January 1995.

Defendant was charged with felonious habitual impaired driving in violation of North Carolina General Statutes § 20-138.5 (1993), with driving while license permanently revoked in violation of North Carolina General Statutes § 20-28(b) (1993), and with habitual felon status in violation of North Carolina General Statutes § 14-7.1 (1993). A jury found defendant guilty of driving while impaired and driving while license permanently revoked. Counsel for defendant stipulated that defendant had three prior driving while impaired convictions in the previous seven years, and the trial court stated that judgment would therefore be entered for felonious habitual impaired driving. The jury then found defendant guilty of having attained habitual felon status based on the felony driving while impaired conviction. The trial court sentenced defendant to thirty years in prison for his habitual felon status and two years in prison for driving while license permanently revoked. Defendant appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General Joseph P. Dugdale, for the State.*

*Carol B. Andres for defendant-appellant.*

JOHNSON, Judge.

**[1]** Defendant argues that the trial court erred because the indictment charging him with felonious habitual impaired driving was insufficient. Specifically, defendant contends the indictment only alleged that he had two prior driving while impaired convictions rather than the requisite three. We disagree.

North Carolina General Statutes § 20-138.5(a) provides:

A person commits the offense of habitual impaired driving if he drives while impaired as defined in G.S. 20-138.1 and has been convicted of three or more offenses involving impaired driving as defined in G.S. 20-4.01(24a) within seven years of the date of this offense.

In this case, the indictment for habitual impaired driving alleged that defendant was convicted of driving while impaired on 13 November 1989 and twice on 12 December 1989. At trial, defendant's counsel stipulated to the convictions as alleged in the indictment. Defendant

now contends that he was not convicted twice on 12 December 1989 and that the indictment only alleges two actual convictions.

Jurisdiction to try an accused for a felony depends upon a valid bill of indictment. *State v. McBane*, 276 N.C. 60, 170 S.E.2d 913 (1969). A valid bill of indictment must allege all essential elements of a statutory offense. *State v. Crabtree*, 286 N.C. 541, 212 S.E.2d 103 (1975). In this case, the indictment alleged the essential elements of the offense since it alleged defendant had been previously convicted of three impaired driving offenses. The indictment was not insufficient to charge the crime.

Furthermore, no fatal variance was shown between the indictment and proof at trial since defendant's counsel stipulated to the previous convictions as set out in the indictment. Pursuant to North Carolina General Statutes § 15A-928(c) (1988), a defendant may admit a previous conviction and thereby establish an element of an offense. *State v. Smith*, 291 N.C. 438, 230 S.E.2d 644 (1976). Defendant has failed to show that he is entitled to any relief with regard to the indictment for felonious habitual impaired driving. Defendant's argument is without merit.

[2] Defendant also argues that the trial court erred by using habitual impaired driving "as a predicate felony conviction to enhance a sentence to habitual felon status." Defendant contends that habitual impaired driving is a status that cannot be used to further enhance a sentence. We disagree.

One of the three previous felonies utilized in this case as a basis for the habitual felon charge was habitual impaired driving. Habitual impaired driving is a substantive felony offense. *State v. Priddy*, 115 N.C. App. 547, 445 S.E.2d 610, *disc. review denied*, 337 N.C. 805, 449 S.E.2d 751 (1994). Therefore, a conviction for that offense may serve as the basis for enhancement to habitual felon status. Defendant's argument is meritless.

[3] Defendant also argues that the Superior Court did not have jurisdiction to try a "misdemeanor driving while impaired" charge. Defendant contends the enhancement to felonious habitual impaired driving did not vest jurisdiction in the Superior Court. Because felonious habitual impaired driving is a substantive felony offense, the Superior Court had jurisdiction pursuant to North Carolina General Statutes § 7A-271 (1989). *Id.*

STATE v. BALDWIN

[117 N.C. App. 713 (1995)]

**[4]** Defendant next argues that the habitual felon indictment showed "an incorrect charge and statute on felony conviction" and was therefore invalid. Defendant appears to contend that there was a variance between the evidence presented at trial and the allegations in the indictment. Defendant failed to set out an assignment of error in support of this argument in the record on appeal, and the issue is therefore not properly before this Court pursuant to N.C.R. App. P. 10(a). *See State v. Thomas*, 332 N.C. 544, 423 S.E.2d 75 (1992).

Even assuming *arguendo* that the issue may be raised despite defendant's failure to assign error in support of it, defendant failed to raise the issue at trial. The issue of variance between the indictment and proof is properly raised by a motion to dismiss. *State v. Waddell*, 279 N.C. 442, 183 S.E.2d 644 (1971). Defendant moved to dismiss the habitual felon charge based upon double jeopardy and not based upon a variance between the indictment and proof. Defendant waived his right to raise this issue by failing to raise the issue at trial. N.C.R. App. P. 10(b)(1). We therefore decline to address the issue.

**[5]** Finally, defendant argues that the indictment for driving while license permanently revoked was defective. Specifically, defendant contends the indictment was vague and did not provide him with enough information to defend the charge. We disagree.

The indictment in question alleged that defendant "unlawfully [and] willfully did drive a vehicle on a street or highway while the driver's license issued to him had been permanently revoked." The language used in the indictment is clearly sufficient to charge an offense in violation of North Carolina General Statutes § 20-28(b) (1993). The indictment sufficiently apprised defendant of the conduct which was the subject of the accusation pursuant to North Carolina General Statutes § 15A-924(a)(5) (Cum. Supp. 1994). Defendant's argument is without merit.

We hold defendant had a fair trial, free from prejudicial error.

No error.

Judges GREENE and WYNN concur.