STATE OF NORTH CAROLINA v. MICHAEL L. HATCHER, DEFENDANT-APPELLANT

No. COA99-782

(Filed 1 February 2000)

**1. Witnesses— cross-examination—credibility**

The trial court did not abuse its discretion in a prosecution for armed robbery by not allowing defendant to cross-examine the victims regarding their immigration status and an accomplice regarding his history of firearm use and his plea agreement. The immigration status of the victims was at best of tenuous relevance to their credibility, and, given other testimony of similar import concerning the accomplice, the court did not abuse its discretion by refusing further repetitious and cumulative cross-examination.

**2. Appeal and Error— brief—supporting authority or citation of authority**

An assignment of error concerning the sufficiency of the evidence in a robbery prosecution was considered abandoned where defendant did not make any supporting argument or citation of authority.

**3. Sentencing— structured—prior record level points—pjc**

The trial court did not err in its assessment of prior record points when sentencing defendant for armed robbery by assess-

ing prior record level points for an offense to which he pled no contest and for which prayer for judgment was continued. Defendant was convicted of the prior offense when he entered the plea of no contest even though no final judgment had been entered.

**4. Sentencing— aggravating factor— ethnic group of victim**

The trial court did not err when sentencing defendant for armed robbery by finding in aggravation that the offenses were committed against the victims because of their race, color, religion, or country of origin where defendant's accomplice testified that they selected two Hispanic men as their victims because they thought that Hispanics carried large sums of cash and were less likely to report crimes committed against them. There is no language in N.C.G.S. § 15A-1340.16 (d)(17) to suggest a limiting requirement that the defendant harbor animosity toward a race or ethnic group.

Appeal by defendant from judgments entered 26 January 1999 by Judge W. Douglas Albright in Forsyth County Superior Court. Heard in the Court of Appeals 17 January 2000.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Charles J. Murray, for the State.*

*Donald K. Tisdale, Sr., for defendant-appellant.*

SMITH, Judge.

Defendant was found guilty as charged of two counts of robbery with a dangerous weapon. He was sentenced in the aggravated range to a minimum term of 108 months and the corresponding maximum of 139 months for each offense, to run consecutively.

The State presented evidence tending to show that on 5 January 1998 defendant and Anthony Eaton took at gunpoint a 1989 Toyota Tercel automobile and a wallet containing cash from Angel Prudente and jewelry from Delfino Laredo.

Defendant's assignments of error are grouped into four questions for review. For the following reasons, we affirm defendant's convictions.

[1] First, defendant contends the court erred in restricting his cross examination of witnesses in violation of his constitutional right to

confront the witnesses against him. He assigns as error the court's refusal to allow defendant to question (1) Prudente and Laredo regarding their immigration status, (2) Eaton regarding his history of carrying and discharging firearms, (3) Eaton regarding his sentencing to a lower category than appropriate, and (4) Eaton's attorney regarding what would happen to Eaton if he did not testify. He argues these questions were designed to show bias.

The right to cross examine a witness to expose the witness' bias is not unlimited. *State v. Sams*, 317 N.C. 230, 345 S.E.2d 179 (1986). "[W]hile it is axiomatic that the cross-examiner should be allowed wide latitude, the trial judge has discretion to ban unduly repetitious and argumentative questions, as well as inquiry into matters of tenuous relevance." 1 Kenneth S. Broun, Brandis & Broun on North Carolina Evidence § 170 (5th ed. 1998). Moreover, the trial judge retains the discretion to prohibit cross examination that is intended to harass, annoy or humiliate a witness. *State v. Mason*, 315 N.C. 724, 340 S.E.2d 430 (1986). The trial judge's rulings in controlling cross examination will not be disturbed unless it is shown that the verdict was improperly influenced. *State v. Woods*, 307 N.C. 213, 297 S.E.2d 574 (1982).

Applying these principles to the case at bar, we note that the immigration status of the two victims was of very tenuous, if any, relevance to their credibility. Although Eaton testified that his plea was not contingent upon testifying against defendant, he acknowledged on cross examination that the written plea agreement called for him to testify. Eaton acknowledged on direct examination and again on cross examination that he had two prior convictions of carrying a concealed weapon. He further admitted on cross examination that he received a sentence less severe than he should have for his prior record level. Given this testimony of similar import, the court did not abuse its discretion in refusing to allow further repetitious and cumulative cross examination into these matters. Moreover, the court's rulings could not have affected the verdict in view of the overwhelming evidence of defendant's guilt.

[2] Defendant next assigns as error the court's denial of his motion to dismiss for insufficient evidence. He makes no argument except to acknowledge "the heavy burden" placed on him to show the evidence was not sufficient and to request this Court to review the evidence "to determine if it is insufficient as a matter of law." Because of defendant's failure to make any supporting argument or citation of author-

ity, this assignment of error is considered abandoned. N.C.R. App. P. 28(b)(5).

[3] Defendant next contends the court erred in computing his prior record level points by assessing points for an offense to which he pled no contest and for which prayer for judgment was continued. "A person has a prior conviction when, on the date a criminal judgment is entered, the person being sentenced has been previously convicted of a crime . . . ." N.C. Gen. Stat. § 15A-1340.11 (7) (1997). "For the purpose of imposing sentence, a person has been convicted when he has been adjudged guilty or has entered a plea of guilty or no contest." N.C. Gen. Stat. § 15A-1331(b) (1997). We have interpreted N.C. Gen. Stat. § 15A-1331(b) to mean that formal entry of judgment is not required in order to have a conviction. *State v. Fuller*, 48 N.C. App. 418, 268 S.E.2d 879, *disc. review denied*, 301 N.C. 403, 273 S.E.2d 448 (1980). Consequently, we conclude that defendant was convicted of the prior offense when he entered the plea of no contest even though no final judgment had been entered. This assignment of error is overruled.

[4] Finally, defendant contends the court erred by finding as a factor in aggravation of the sentences that the offenses were committed against the victims because of their race, color, religion, nationality or country of origin. He argues that this finding pursuant to N.C. Gen. Stat. § 15A-1340.16(d)(17) (1997) applies only when the defendant has some *animus* against the victim due to the victim's race or nationality. We disagree.

N.C. Gen. Stat. § 15A-1340.16 (d) (17) reads as follows: "The offense for which the defendant stands convicted was committed against a victim because of the victim's race, color, religion, nationality, or country of origin." There is no language in the statute to suggest a limiting requirement that the defendant harbor animosity toward a race or ethnic group. The statute merely provides that the offense be committed against a victim "because of the victim's race, color, religion, nationality or country of origin." Accordingly, a finding of this factor may be made any time the defendant targets a person for victimization because of his race or national origin. Here, Eaton testified that he and defendant selected Prudente and Laredo, two Hispanic men, as their victims because they thought Hispanics carry large sums of cash and are less likely to report crimes committed against them. This assignment of error is therefore overruled.

In defendant's trial and sentence we find no error.

No error.

Judges LEWIS and TIMMONS-GOODSON concur.