STATE OF NORTH CAROLINA v. MICHAEL D. GRAHAM

No. COA01-338

(Filed 5 March 2002)

**1. Searches and Seizures— consent—nonverbal gesture**

The trial court properly concluded in a cocaine prosecution that defendant had voluntarily consented to a search of his person where an officer asked defendant if he could check his pocket, and defendant stood up and raised his hands away from his body accompanied by a gesture which the officer took to mean consent. The use of nonverbal conduct intended to connote an assertion is sufficient to constitute a statement wihin the meaning of consent under N.C.G.S. § 15A-221(b).

**2. Searches and Seizures— folded bill containing crack cocaine—totality of circumstances—search justified**

The trial court correctly concluded in a cocaine prosecution that the facts were sufficient for officers to search defendant's pants pocket and unfold a twenty-dollar bill found therein where the officers responded to a tip reporting drug activity at an apartment; it was routine for officers to pat down people for weapons in cases involving drug activity; an officer found a hand gun and the residue of cocaine in the apartment; officers saw defendant fidgeting with his pocket; an officer searched defendant's pocket for a weapon and found a folded twenty-dollar bill with a lump in it; and there was crack cocaine inside the bill.

**3. Sentencing— record points—prayer for judgment continued**

The trial court did not err when sentencing defendant for cocaine possession by assessing prior record points for a district court prayer for judgment continued. A formal entry of judgment is not required in order to have a conviction. N.C.G.S. § 15A-1331(b).

Appeal by defendant from judgment entered 11 October 2000 by Judge William H. Freeman in Superior Court, Forsyth County. Heard in the Court of Appeals on 23 January 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Neil Dalton, for the State.*

*Stowers & James, P.A., by Paul M. James, III, for the defendant-appellant.*

WYNN, Judge.

Defendant Michael D. Graham conditionally pled guilty to the charge of possession of cocaine reserving for this Court the issue of whether the trial court properly denied his motion to suppress the evidence of cocaine seized from his person. He also contends that the trial court erred by considering a prior district court prayer for judgment as a countable prior conviction for felony sentencing. We affirm the trial court's decisions.

On 21 December 1999 at about 2:30 a.m., three Winston-Salem Police Officers—James, Dew, and Best—responded to an anonymous tip reporting drug activity at an apartment in Winston-Salem.

Pertinent to this appeal, the officers entered the apartment with the consent of a person in apparent control, stated their intentions to search for drugs and conducted a pat-down of the occupants for weapons. The officers testified that during their search, they noticed that defendant continuously reached into his pants' pocket. Officer James asked defendant whether he had anything in his pocket and he replied, no. Thereafter, Officer James asked defendant for permission to search his pocket. The trial court found that the defendant stood up and gestured in a manner so as to indicate consent for Officer James to search him. Upon checking his pocket, Officer James found a folded twenty dollar bill which she unraveled and discovered crack cocaine inside.

In denying defendant's motion to suppress, the trial court orally made the following findings:

> The Court will find that on or about December 21st, 1999, at approximately 2:30 a.m., Officer James of the Winston-Salem Police Department, a veteran of seven years at that time with the police department, accompanied by two other officers including Officer Dew for whom Officer James was the training coach at that time, received a call concerning drug activities in an apartment at 1325 Oak Street. They were dispatched to answer that call. That they proceeded to that location. That they arrived at that location, saw the door open and several people inside and lights on.

> That they approached and knocked and a female [Ms. Aiken] came to the door and indicated that she didn't leave [sic] there and the apartment was not hers and she didn't reside there and had control of the apartment. They asked consent to come in and search and look for drugs. That she allowed them to do so. That once inside, they saw several people and that Officer James informed them that they would each be searched for drugs.

> They were patted down for weapons. None were found. That they did a cursory search of the residence. Found a hand gun that had not been used in any illegal activity and that Officer James found some small residue of cocaine and Ms. Aiken indicated that it was not hers.

> They did not tell anybody they could not leave. They were in uniforms wearing weapons, which were not drawn and remained in their holsters. That nobody attempted to leave. That Officer

James noted continuously while Officer Dew [sic] was doing his search that the defendant was fidgeting with his lower pants pocket. That she was concerned about a weapon and that she approached him and asked him if she could search his pocket or look in his pocket. That the defendant stood up and raised his arms and gestured in a way that Officer James took to mean consent. That he did not orally consent but he stood up and raised his arms and gestured in such a manner.

That she checked in his pocket and found a twenty dollar bill folded up with a lump in it and that because of her training and experience as an officer, that was consistent with the way drugs are at times concealed or packaged and she unfolded the twenty dollar bill, without the consent of the defendant, and field tested it and treated it positive for cocaine. That she arrested the defendant.

The Court will find as fact that the officers were extremely courteous and professional as were the suspects and occupants.

Based on the findings of fact, the trial court concluded as a matter of law

that none of the defendant's constitutional rights under the United States Constitution or the federal constitution or the state constitution were violated by the search and seizure. The Court will conclude that the defendant consented to the search of his pocket. That none of his statutory rights were violated. That the search was knowingly and willfully and voluntarily consented to and the court will deny the motion to suppress.

[1] On appeal, defendant contends that the trial court erred by denying his motion to suppress the crack cocaine evidence seized from his person because it was obtained without his consent and without any of the court-recognized exigent circumstances that would have allowed him to be searched without a warrant. He argues that the officers did not obtain consent from him to search his person because he did not affirmatively and clearly indicate his permission, as required by N.C. Gen. Stat. § 15A-221.

Consent searches have long been recognized as a "special situation excepted from the warrant requirement, and a search is not unreasonable within the meaning of the Fourth Amendment when lawful consent to the search is given." *State v. Smith*, 346 N.C. App. 794, 799, 488 S.E.2d 210, 214 (1997). "Consent to search, freely and

intelligently given, renders competent the evidence thus obtained." *State v. Frank*, 284 N.C. 137, 143, 200 S.E.2d 169, 174 (1973) (citations omitted). "[T]he question whether consent to a search was in fact 'voluntary' or was the product of duress or coercion, expressed or implied, is a question of fact to be determined from the totality of all the circumstances." *Schneckloth v. Bustamonte*, 412 U.S. 218, 227, 36 L. Ed. 2d 854, 862-63 (1973).

N.C. Gen. Stat. § 15A-221(b) (1999) provides the statutory definition of consent:

> Definition of "Consent".—As used in this Article, "consent" means a <u>statement</u> to the officer, made voluntarily and in accordance with the requirements of G.S. 15A-222, giving the officer permission to make a search.

(Emphasis supplied). In determining whether under the totality of the circumstances defendant's nonverbal response in this case constituted a statement within the meaning of consent under N.C. Gen. Stat. § 15A-221(b), we are guided by *Black's Law Dictionary* definition of the word "statement" as "a verbal assertion or nonverbal conduct intended as an assertion." *Black's Law Dictionary*, 1416 (7th ed. 1999). Thus, a statement need not be in writing nor orally made. Rather, the use of nonverbal conduct intended to connote an assertion is sufficient to constitute a statement.

In the case *sub judice*, the trial court conducted an extensive *voir dire* and heard testimony concerning the events surrounding whether defendant voluntarily consented to the search. The record reveals that defendant's consent to the search of his person was acquired by Officer James. According to the record, when Officer James asked defendant if she could check his pocket, he "stood up and raised his hands away from his body accompanied by a gesture which Officer James took to mean consent." Shortly thereafter, defendant allowed Officer James to search his pants' pocket. Viewing this evidence under the totality of the circumstances, we hold that the trial court properly determined that defendant voluntarily consented to a search of his person.

[2] Secondly, defendant argues that he did not consent to Officer James unfolding the twenty dollar bill she retrieved from his pants pocket. To determine whether the incriminating nature of the crack cocaine that was found in the twenty dollar bill was immediately apparent and therefore, probable cause existed to seize it, we must

again consider the totality of the circumstances. *See State v. Briggs,* 140 N.C. App. 484, 493, 536 S.E.2d 858, 863 (2000). "When the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that the item may be contraband, probable cause exists." *Id.* (Emphasis omitted).

In the present case, the police officers were responding to a tip that reported drug activity at the apartment. It was routine for the officers to pat down people for weapons in cases involving drug activity. In the apartment, they found a hand gun and residue of cocaine. Both officers observed defendant acting unusual by continuously fidgeting with his pocket. Officer James, concerned that defendant might have a weapon, searched defendant's pants pocket. While conducting the search of defendant's pocket, the officer found a twenty dollar bill that was folded and had a lump in it. Based on the officer's training, experience and the circumstances, we affirm the trial court's determination that it was reasonable for the officer to believe that the twenty dollar bill contained a controlled substance. Accordingly, we uphold the trial court's conclusion that under the totality of the circumstances, the facts were sufficient to justify a search of defendant's pants pocket, seizure of the twenty dollar bill, and unraveling the bill.

**[3]** In his final argument, defendant contends that it was error for the trial court to count his district court prayer for judgment continued in a prior case as a countable prior conviction for felony sentencing under Level 2. We disagree.

N.C. Gen. Stat. § 15A-1340.11(7) (1999) provides that "[a] person has a prior conviction when, on the date a criminal judgment is entered, the person being sentenced has been previously convicted of a crime." N.C. Gen. Stat. § 15A-1331(b) (1999) provides that "[f]or the purpose of imposing sentence, a person has been convicted when he has been adjudged guilty or has entered a plea of guilty or no contest."

In *State v. Hatcher,* 136 N.C. App. 524, 524 S.E.2d 815 (2000), our Court held that the defendant was convicted of a prior offense when he entered a plea of no contest and for which prayer for judgment was continued, even though no final judgment had been entered, for purposes of assignment of a prior record level for sentencing. Since our Court has "interpreted N.C. Gen. Stat. § 15A-1331(b) to mean that formal entry of judgment is not required in order to have a conviction," we hold that the trial court did not err in its assessment of prior

record points in determining the prior record level for sentencing defendant. *Id.*, 136 N.C. App. at 527, 524 S.E.2d at 817.

No error.

Judges HUDSON and THOMAS concur.