STATE OF NORTH CAROLINA v. JOHNNY RAY CANELLAS

No. COA03-192

(Filed 15 June 2004)

**1. Sentencing— habitual felon—prior record level—prior conviction—prayer for judgment continued**

The trial court did not err in a felony breaking and entering and habitual felon case by calculating defendant's prior record level by adding one point for the prayer for judgment continued on the assault on a female charge, because: (1) the North Carolina Structured Sentencing Statute under N.C.G.S. § 15A-1340.11(7) provides that a person has a prior conviction when, on the date a criminal judgment is entered, the person being sentenced has been previously convicted of a crime; and (2) N.C.G.S. § 15A-1331(b) provides that for the purpose of imposing sentence, a person has been convicted when he has been adjudged guilty or has entered a plea of guilty or no contest, and the Court of Appeals has determined that formal entry of judgment is not required in order to have a conviction.

**2. Appeal and Error— preservation of issues—constitutional issue—failure to raise at trial**

Although defendant contends in a felony breaking and entering and habitual felon case that N.C.G.S. § 15A-1331(b) is unconstitutional, defendant failed to properly preserve this issue for appellate review because defendant failed to raise this issue at trial.

Appeal by defendant from judgment entered 10 June 2002 by Judge Wiley F. Bowen in Lee County Superior Court. Heard in the Court of Appeals 2 December 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Christopher W. Brooks, for the State.*

*Mark A. Key and Penny K. Bell, attorneys for the defendant-appellant.*

TIMMONS-GOODSON, Judge.

Johnny Ray Canellas ("defendant") appeals his sentence of 151 months to 191 months imprisonment following his plea of guilty to two counts of felony breaking and entering and admission of habitual felon status. The sentence is to begin at the expiration of any and all sentences that defendant is currently serving. For the reasons stated herein, we affirm the decision of the trial court.

The factual and procedural history of this case is as follows: On 11 November 1999, defendant was convicted of assault on a female and received a prayer for judgment continued on the condition that he enroll in a domestic violence program for 18 months. Defendant was indicted by the Lee County Grand Jury on 25 February 2002 on the following charges: felony breaking and entering; felony larceny; felony possession of stolen property; and attaining habitual felon status. The Harnett County Grand Jury indicted defendant on the additional charges of two counts each of felony breaking and entering, felony larceny, and felony possession of stolen property. After defendant's Harnett County cases were transferred to Lee County for disposition, defendant tendered a plea of guilty on 10 June 2002 to two counts of felony breaking and entering and admitted his status as an habitual felon.

Pursuant to the plea agreement, the State dismissed all of the remaining charges. Defendant had numerous prior convictions which

included the prayer for judgment continued on the charge of assault on a female. At defendant's sentencing hearing, the State contended that defendant's prior convictions amounted to fifteen prior record level points. Defendant contended that his prior convictions allow for only fourteen prior record level points and that his prayer for judgment continued on the assault on a female charge should not count toward the trial court's prior record level determination. The trial court assessed defendant fifteen prior record level points and ordered him to serve 151 months to 191 months in prison. It is from this sentence that defendant appeals.

---

The issues presented on appeal are (I) whether the trial court erred in calculating defendant's prior record level, and (II) whether N.C. Gen. Stat. § 15A-1331(b) is unconstitutional on its face or as applied to defendant.

As an initial matter, we note that defendant failed to cite to the assignments of error on the record in his appellate brief. The Rules of Appellate Procedure require that "[i]mmediately following each question presented shall be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal." N.C. R. App. P. 28(b)(6) (2004). "[A]ssignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." *Id.* The failure to comply with Rule 28 subjects defendant's appeal to dismissal. *Northwood Homeowners Assn., Inc. v. Town of Chapel Hill*, 112 N.C. App. 630, 632, 436 S.E.2d 282, 283 (1993). However, pursuant to Rule 2 of the N.C. Rules of Appellate Procedure, we nonetheless consider the merits of defendant's arguments. N.C. R. App. P. 2 (2004) ("[T]o expedite decision in the public interest [the Court of Appeals] may . . . suspend or vary the requirements or provisions of any of [the Rules of Appellate Procedure] in a case pending before it . . . upon its own initiative.").

[1] Defendant first argues that the trial court erred in calculating defendant's prior record level by adding one point for the prayer for judgment continued on the assault on a female charge. We disagree.

The North Carolina Structured Sentencing Statutes provide that "[a] person has a prior conviction when, on the date a criminal judgment is entered, the person being sentenced has been previously convicted of a crime." N.C. Gen. Stat. § 15A-1340.11(7) (2003). "For the

purpose of imposing sentence, a person has been convicted when he has been adjudged guilty or has entered a plea of guilty or no contest." N.C. Gen. Stat. § 15A-1331(b) (2003). Furthermore, this Court has "interpreted N.C. Gen. Stat. § 15A-1331(b) to mean that formal entry of judgment is not required in order to have a conviction." *State v. Hatcher*, 136 N.C. App. 524, 527, 524 S.E.2d 815, 817 (2000).

In the case at bar, defendant tendered a plea of guilty to a charge of assault on a female in November 1999 and asked the trial court to continue judgment. Defendant was granted the prayer for judgment continued on the condition that he attend a domestic violence program for 18 months. There is no evidence in the record to suggest that defendant did not complete the domestic violence program. Thus, we presume that defendant met the conditions of his prayer for judgment continued. Therefore, pursuant to N.C. Gen. Stat. § 15A-1331 and this Court's holding in *Hatcher*, we hold that defendant's prayer for judgment continued in the assault on a female case is a prior conviction for sentencing purposes. Accordingly, we conclude that the trial court did not err by considering the assault conviction for the purpose of prior record level sentencing.

[2] Next, defendant argues that N.C. Gen. Stat. § 15A-1331(b) is unconstitutional. It is well established that to challenge the constitutionality of an issue on appeal, the party must raise the issue at trial. *State v. Benson*, 323 N.C. 318, 322, 372 S.E.2d 517, 519 (1988). Defendant failed to demonstrate that he raised the constitutionality of N.C. Gen. Stat. § 15A-1331 at trial, thus defendant failed to properly preserve this issue for appellate review. Accordingly, we decline to address defendant's constitutionality argument.

For the reasons stated above, we hold that the trial court did not err in determining defendant's sentence.

AFFIRMED.

Judges WYNN and McCULLOUGH concur.