STATE v. McGEE

[175 N.C. App. 586 (2006)]

━━━━━━━━━━

STATE OF NORTH CAROLINA v. DONALD WAYNE McGEE, Defendant

No. COA04-1338

(Filed 17 January 2006)

## 1. Sentencing—habitual felon—indictment–order of convictions—waiver of argument by guilty plea

An habitual felon indictment was facially valid and defendant's guilty plea waived his right to challenge the correctness of the information in the indictment. His guilty plea also waived his argument concerning a prior prayer for judgment continued and impermissible overlapping convictions under N.C.G.S. § 14-7.1. Even so, "conviction" refers to the factfinder's guilty verdict; defendant was "convicted" when he received the prayer for judgment continued.

## 2. Appeal and Error—preservation of issues—Eighth Amendment issue–not raised at trial—not heard on appeal

The question of whether an habitual offender sentence violated the Eighth Amendment was not raised at trial and thus was not preserved for appeal.

Appeal by defendant from judgment entered 28 April 2004 by Judge Edwin G. Wilson, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 18 May 2005.

*Attorney General Roy Cooper, by Special Deputy Attorney General Richard E. Slipsky, for the State.*

*Brian Michael Aus for defendant-appellant.*

GEER, Judge.

After being convicted by a jury of felonious possession of cocaine and driving while his license was revoked, defendant Donald Wayne McGee pled guilty to being a habitual felon. On appeal, he does not challenge his convictions on the substantive charges, but rather contends that he was improperly sentenced as a habitual felon. Although he argues that the information regarding his felony convictions contained in the habitual felon indictment was incorrect, he waived his right to seek review on that basis by pleading guilty. Defendant also argues that the indictment was invalid for not alleging three discrete, non-overlapping felonies as required by N.C. Gen. Stat. § 14-7.1 (2003). We find that the three felonies listed in the indictment do comply with the requirements of § 14-7.1.

---

On 6 January 2003, defendant was arrested by the Forsyth County Sheriff's Department for driving without a license. During a search of defendant incident to his arrest, police found a clear, plastic bag containing 0.3 grams of cocaine. Defendant was indicted for felonious possession of cocaine, driving while license revoked, and having attained the status of habitual felon.

On 27 April 2004, a jury convicted defendant of both substantive charges, and the following day, defendant pled guilty to being a habitual felon. Pursuant to the plea agreement, defendant received a mitigated range sentence of 105 to 135 months imprisonment.

[1] Defendant first challenges the habitual felon indictment on the ground that it incorrectly identified the court and the case file number for one of the predicate felonies. By knowingly and voluntarily pleading guilty, an accused waives all defenses other than the sufficiency of the indictment. *State v. Hughes,* 136 N.C. App. 92, 97, 524 S.E.2d 63, 66 (1999), *disc. review denied,* 351 N.C. 644, 543 S.E.2d 878 (2000). Nevertheless, when an indictment is alleged to be facially invalid, thereby depriving the trial court of jurisdiction, the indict-

ment may be challenged at any time. *State v. Bartley*, 156 N.C. App. 490, 499, 577 S.E.2d 319, 324 (2003). "Our Supreme Court has stated that an indictment is fatally defective when the indictment fails on the face of the record to charge an essential element of the offense." *Id.*

N.C. Gen. Stat. § 14-7.3 (2003) specifies what a habitual felon indictment must allege:

An indictment which charges a person with being an habitual felon must set forth the date that prior felony offenses were committed, the name of the state or other sovereign against whom said felony offenses were committed, the dates that pleas of guilty were entered to or convictions returned in said felony offenses, and the identity of the court wherein said pleas or convictions took place.

In this case, defendant does not dispute that the indictment included each of the elements specified in the statute. The indictment is, therefore, facially valid.

Defendant argues, however, that the information in the indictment regarding one of his felony convictions is incorrect. In other words, defendant is arguing that there was a variance between the indictment and the proof offered in support of this indictment. As this Court held in *State v. Baldwin*, 117 N.C. App. 713, 717, 453 S.E.2d 193, 195, *cert. denied*, 341 N.C. 653, 462 S.E.2d 518 (1995), when considering the defendant's contention that a habitual felon indictment contained incorrect information regarding one of his felony convictions, "[t]he issue of variance between the indictment and proof is properly raised by a motion to dismiss." When a defendant fails to raise the issue at trial, he waives his right to appeal that issue. *Id.* (declining to address the issue because defendant moved to dismiss on double jeopardy rather than variance grounds).

By pleading guilty, defendant thus waived his right to challenge the indictment on the ground that the information in the indictment was incorrect. *See State v. Braxton*, 352 N.C. 158, 173, 531 S.E.2d 428, 437 (2000) ("A defendant waives an attack on an indictment when the validity of the indictment is not challenged in the trial court."), *cert. denied*, 531 U.S. 1130, 148 L. Ed. 2d 797, 121 S. Ct. 890 (2001). We also note that defendant's counsel stipulated to the convictions set out in the indictment, resulting in no fatal variance. *Baldwin*, 117 N.C. App. at 716, 453 S.E.2d at 194 ("[N]o fatal variance was shown between the

indictment and proof at trial since defendant's counsel stipulated to the previous convictions as set out in the indictment.").

Defendant next argues that his habitual felon indictment is invalid under N.C. Gen. Stat. § 14-7.1, which defines who qualifies as a habitual felon:

> Any person who has been convicted of or pled guilty to three felony offenses in any federal court or state court in the United States or combination thereof is declared to be an habitual felon. . . . The commission of a second felony shall not fall within the purview of this Article *unless it is committed after the conviction of or plea of guilty to the first felony*. The commission of a third felony shall not fall within the purview of this Article unless it is committed after the conviction of or plea of guilty to the second felony.

(Emphasis added.)

In the State's superceding habitual felon indictment, the State alleged that defendant was convicted of possession of stolen goods on 15 April 1998, speeding to elude arrest on 28 January 2000, and maintaining a vehicle for keeping and selling controlled substances on 29 August 2001. Defendant argues with respect to the first felony that a jury convicted him *in absentia* and that a prayer for judgment was continued until defendant was apprehended in October 1998 when he was arrested for the second felony. Defendant was sentenced for the possession of stolen goods conviction on 4 November 1998. Defendant argues that he was not convicted for purposes of N.C. Gen. Stat. § 14-7.1 until he was sentenced in November 1998 and, therefore, he committed the second felony before he was "convicted" of the first felony.

Since this argument does not challenge the sufficiency of the indictment on its face, defendant's guilty plea has waived this argument as well. Even if this issue were properly before us, the plain language of the statute refers to "conviction" and not entry of judgment or sentencing. " 'Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning.' " *State v. Cheek*, 339 N.C. 725, 728, 453 S.E.2d 862, 864 (1995) (quoting *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990)).

*Black's Law Dictionary* 358 (8th ed. 2004) defines "conviction" as "1. The act or process of judicially finding someone guilty of a

crime; the state of having been proved guilty. . . . 2. The judgment (as by jury verdict) that a person is guilty of a crime." Thus, under the traditional definition, "conviction" refers to the jury's or factfinder's guilty verdict. This definition is also consistent with how we have defined "conviction" for purposes of sentencing. Thus, in *State v. Canellas*, 164 N.C. App. 775, 778, 596 S.E.2d 889, 891 (2004), we held that when a defendant pled guilty, but—as here—judgment was continued, defendant was "convicted" as of the date of his guilty plea. *See also State v. Hatcher*, 136 N.C. App. 524, 527, 524 S.E.2d 815, 817 (2000) (interpreting N.C. Gen. Stat. § 15A-1331(b) (1997) "to mean that formal entry of judgment is not required in order to have a conviction"). We, therefore, hold that defendant was "convicted" for purposes of N.C. Gen. Stat. § 14-7.1 of possession of stolen goods on 15 April 1998 and there was, therefore, no impermissible overlap of felonies.

[2] Finally, defendant argues that his sentence violates the Eighth Amendment. Defendant did not, however, raise this issue before the trial court. "It is well settled that this Court will not review constitutional questions that were not raised or passed upon in the trial court." *State v. Carpenter*, 155 N.C. App. 35, 41, 573 S.E.2d 668, 673 (2002) (internal quotation marks omitted). Accordingly, defendant's third assignment of error was not properly preserved for appeal.

No error.

Judges HUNTER and HUDSON concur.