STATE OF NORTH CAROLINA
v.
WILLIE KOONCE, Defendant.
No. COA08-777.
Court of Appeals of North Carolina.
Filed May 19, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Peter A. Regulski, for the State.
Appellate Defendant Staples Hughes, by Assistant Appellant Defender Katherine Jane Allen, for defendant-appellant.
ERVIN, Judge.
On 6 December 2007, Willie Koonce (Defendant) entered a negotiated "Alford" plea to one count of possession of a controlled substance and to being an habitual felon. After a plea colloquy and sentencing hearing, the trial court accepted Defendant's plea and sentenced Defendant to an active term of imprisonment. On appeal, Defendant contends that the indictment purporting to charge him with having attained habitual felon status was fatally defective because it failed to allege three relevant predicate felony offenses and that the trial court erred by accepting Defendant's admission to being an habitual felon and imposing sentence based on that admission given the deficiency in the habitual felon indictment. We grant the State's motion to dismiss Defendant's appeal without prejudice to any right he may have to seek relief through the filing of a motion for appropriate relief pursuant to N.C. Gen. Stat. §§ 15A-1411 and 1415.

Background
On 19 December 2005, Defendant drove to an intersection in Kinston, North Carolina at 12:45 a.m. Kinston police officer Brandon Wells (Officer Wells) observed that Defendant failed to stop at a stop sign governing traffic through that intersection. Officer Wells followed Defendant for one half mile and noted that he drifted from side to side within his own lane. After stopping Defendant for further investigation, Officer Wells noticed that Defendant appeared intoxicated. Officer Wells then administered field sobriety tests, which Defendant failed. An Alco-Sensor breathalyzer test confirmed the presence of alcohol. Officer Wells placed Defendant under arrest and found a bottle cap and a syringe cap in Defendant's coat during a search of his person incident to arrest. A subsequent search of Defendant's car resulted in the discovery of a syringe. The residue in the syringe tested positive for heroin and the residue in the bottle cap tested positive for cocaine, with a weight of less than .1 gram.
On 23 May 2007, the Lenoir County grand jury returned a bill of indictment charging Defendant with one count of possession of heroin and one count of possession of cocaine. On the same day, Defendant was charged in a separate indictment with having attained habitual felon status as defined in N.C. Gen. Stat. § 14-7.1. On6 December 2007, Defendant entered a negotiated "Alford" plea in which he pled guilty to one count of possession of heroin and admitted that he had attained habitual felon status in exchange for the State's agreement that Defendant be sentenced to a term of imprisonment of not less than 80 nor more than 105 months, which is within the mitigated range for an individual convicted of a Class C felony with 14 prior record points and a prior record level of IV.[1]
The habitual felon indictment alleged that Defendant had been convicted of three prior felonies, two of which involved controlled substance possession charges that had occurred in Pitt County and one of which involved a felonious larceny charge that had occurred in Onslow County. During the ensuing plea colloquy and sentencing hearing, the State tendered certified copies of the three felony judgments upon which the State had based the habitual felon allegation and stated:
Your honor, the first conviction the State would offer is State's Exhibit 1 is a certified copy of a conviction from Pitt County, CR number 92-CRS-22189 for the defendant Willie Koonce, black male, date of birth January 3, 1957. This was thepossession of cocaine with an offense date of October 11, 1990, Class I felony. Also, possession of heroin October 11, 1992, Class I felony. The date of conviction in that case was June 22, 1993.
The second matter, Your Honor, CR number 96-CRS-18321, judgment of Pitt County, North Carolina. The defendant, Willie Koonce, black male, date of birth January 3, 1957, was convicted of possession of heroin having a date of offense July 10, 1996, which is a Class I felony. Date of judgment in that case being April 17, 1997.
The third exhibit for the State, Your Honor, file number 98-CRS-631, decision out of Onslow County, North Carolina. The defendant, William Koonce, black male, date of birth January 3, 1957, pled guilty to felony larceny which is a Class H felony having a date of offense of January 4, 1998. The judgment in that case was rendered January 28, 1998.
After Defendant and his trial counsel reviewed the documents tendered by the State, Defendant's trial counsel stated that the third conviction upon which the State relied in seeking to establish a factual basis for the habitual felon admission "is a conviction for William Koonce, sir, from Onslow County, not Willie Koonce;" that "my client would submit to the Court that this is not his conviction;" and that Defendant's trial counsel "had pulled up his convictions, Judge, myself and he has an '84 conviction in Onslow County." In response to the trial court's inquiry as to whether Defendant "stipulate[d] that in 84-CRS-17935 that he was convicted in the Superior Court Division of Onslow County of the Class H felony of larceny with a date of conviction of December 10, 1984," Defendant's trial counsel responded, "[t]hat is his conviction, Judge." Given that admission, the trial court stated"Madame D.A., what I'll do is I'll let you procure a certified copy of that conviction . . . to introduce . . . as one of the predicate felonies to support this admission," that "[y]ou may do that at a later time," and that "the Court will receive the other two judgments and convictions in support of the admission at this time." After being asked if he wanted an opportunity to be heard "on the factual basis," Defendant's trial counsel responded, "not with respect to the factual basis." Defendant never moved to dismiss the habitual felon indictment on the basis that he had not been convicted of the Onslow County felonious larceny charge specified in that pleading or objected to the procedural approach authorized by the trial court during the plea colloquy and sentencing hearing.[2] The trial court sentenced Defendant in accordance with the plea agreement. Defendant appeals.[3]

Issue
Whether the trial court erred by accepting Defendant's admission to having attained habitual felon status despite the fact that Defendant contended that he did not commit one of the three predicate felonies specified in the habitual felon indictment?

Standard of Review
A challenge to the sufficiency of an indictment is subject to de novo review. State v. Marshall, 188 N.C. App. 744, 748, 656 S.E.2d 709, 712 (2008), dis. rev. den., 362 N.C. 368, 661 S.E.2d 890 (2008).

Discussion
Prior to examining the errors assigned on appeal, we must address the State's contention that Defendant's appeal should be dismissed because the relevant statutory provisions do not authorize an appeal as of right under the circumstances present here. After careful review of the relevant statutory provisions and related decisional law, we agree.
"'In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute.'" State v. Jamerson, 161 N.C. App. 527, 528, 588 S.E.2d 545, 546 (2003) (quoting State v. Pimental, 153 N.C. App. 69, 72, 568 S.E.2d 867, 869 (2002), dis. rev. den., 356 N.C. 442, 573 S.E.2d 163 (2002)). N.C. Gen. Stat. §7A-27(b) (2008) generally provides "an unlimited right of appeal . . . to the Appellate Division of the General Court of Justice." State v. Black, 7 N.C. App. 324, 327, 172 S.E.2d 217, 219 (1970). A defendant who pleads guilty is, however, only entitled to appeal as a matter of right in limited circumstances. Jamerson, 161 N.C. App. at 528, 588 S.E.2d at 546. The specific circumstances under which convicted criminal defendants, including those entering guilty pleas, are entitled to seek relief in the Appellate Division are set out in N.C. Gen. Stat. § 15A-1444. According to N.C. Gen. Stat. § 15A-1444(e), a "defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court[,]" "[e]xcept as provided in subsections (a1) and (a2) of this section and [N.C. Gen. Stat. §] 15A-979" and "except when a motion to withdraw a plea of guilty or no contest has been denied." As a result, a defendant who has entered a plea of guilty or no contest is entitled to appeal the following issues as a matter of right:
1) whether the sentence is substantiated by evidence introduced at the trial and sentencing hearing, if the minimum term falls outside the presumptive range, N.C. Gen. Stat. § 15A-1444(a1),
2) whether the sentence results from incorrect findings of the defendant's prior record or conviction level, N.C. Gen. Stat. § 15A-1444(a2)(1),
3) whether the sentence disposition is unauthorized for the defendant's class of offense and prior record level, N.C. Gen. Stat. § 15A-1444(a2)(2),
4) whether the duration of the sentence imposed upon the defendant is authorized for the class of offense for which the defendant has been convicted and the defendant's prior record or conviction level, N.C. Gen. Stat. § 15A-1444(a2)(3),
5) whether the trial court improperly denied the defendant's motion to withdraw his plea of guilty or no contest, N.C. Gen. Stat. § 15A-1444(e), or
6) whether the trial court improperly denied defendant's motion to suppress. N.C. Gen. Stat. §§ 15A-979(b) and 1444(e).
Although Defendant initially asserted in his brief that he has the right to pursue an appeal to this Court pursuant to N.C. Gen. Stat.§ 15A-1444(a2), he subsequently clarified his position by stating that he "is not appealing any of the issues set out in § 15A-1444(a2), (i.e. the incorrect finding of his prior record level or prior conviction level, an unauthorized type of sentence disposition, or an unauthorized term of imprisonment), but instead is challenging the sufficiency of the habitual felon indictment." Defendant further asserts that, "while there are no issues to be presented regarding the calculation of Mr. Koonce's sentence, there is an issue regarding the sufficiency of the indictment." As a result, Defendant claims that he "has the right to appeal this" issue since "a plea of guilty `waives all defenses other than the sufficiency of the indictment,'" citing State v. Hughes, 136 N.C. App. 92, 97, 524 S.E.2d 63, 66 (1999), dis. rev. den., 351 N.C. 644, 543 S.E.2d 878 (2000). Although Defendant correctly notes that a guilty plea does not result in a waiver of a challenge to the sufficiency of the indictment returned against him, State v. Smith, 279 N.C. 505, 183 S.E.2d 649 (1971), that principle of law does not allow appellate review in this case for two different reasons.
First, the exact issue that remains available to a defendant following the entry of a guilty plea is whether the facts alleged in the indictment constitute an offense. State v. Smith, 265 N.C.173, 176-77, 143 S.E.2d 293, 296 (1965). Put another way, "when an indictment is alleged to be facially invalid, thereby depriving the trial court of jurisdiction, the indictment may be challenged at any time." State v. McGee, 175 N.C. App. 586, 587-588, 623 S.E.2d 782, 784 (2006), dis. rev. den., 360 N.C. 489, 632 S.E.2d 768 (2006); see also State v. Wallace, 351 N.C. 481, 503, 528 S.E.2d. 326, 341 (2000), cert. den. sub nom. Wallace v. North Carolina, 531 U.S. 1018, 121 S. Ct. 581 (2000) ("stating that [w]here an indictment is alleged to be invalid on its face, thereby depriving the trial court of its jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court"). An indictment is facially invalid when it "fails on the face of the record to charge an essential element of the offense." State v. Bartley, 156 N.C. App. 490, 499, 577 S.E.2d 319, 324 (2003).
According to N.C. Gen. Stat. § 14-7.3, "[a]n indictment which charges a person with being an habitual felon must set forth the date that prior felony offenses were committed, the name of the state or other sovereign against whom said felony offenses were committed, the dates that pleas of guilty were entered to or convictions returned in said felony offenses, and the identity of the court wherein said pleas or convictions took place." A careful examination of the habitual felon indictment returned against Defendant reveals that it "set[s] forth the date that prior felony offenses were [allegedly] committed," "the name of the state or sovereign against whom said offenses were [allegedly] committed,""the dates that pleas of guilty were [allegedly] entered to or convictions [allegedly] returned in said felony cases," and "the identity of the court wherein said pleas or convictions [allegedly] took place." N.C. Gen. Stat. § 14-7.3. As a result of the fact that Defendant "does not dispute that the indictment included each of the elements specified in the statute," it "is, therefore, facially valid." McGee, 175 N.C. App. at 588, 623 S.E.2d at 784; see also State v. Baldwin, 117 N.C. App. 713, 715-716, 453 S.E.2d 193, 194 (1995), cert. den. 341 N.C. 653, 462 S.E.2d 518 (1995).
Defendant's argument that he did not commit one of the offenses alleged in the habitual felon indictment returned against him is simply not a contention that the indictment is facially invalid. Assuming that the State proved the allegations set out in the indictment beyond a reasonable doubt (including Defendant's identity as the perpetrator of the predicate offenses), Defendant would have properly been found to have attained the status of an habitual felon. Defendant's argument represents nothing more than a denial of one of the allegations in the indictment (that he had been convicted on January 28, 1998, in the Superior Court of Onslow County of committing felonious larceny on January 4, 1998, in Onslow County), which is a defense properly raised by a plea of not guilty.[4] Since challenges of the nature of that advanced by Defendant before this Court do not survive an admission of guilt, Defendant is not entitled to appeal to this Court on the basis of a contention that he did not commit the Onslow County felonious larceny alleged in the habitual felon indictment.
Secondly, even if Defendant's attack on the habitual felon indictment constituted a challenge to the trial court's jurisdiction, such a challenge may only be advanced on appeal in the event that Defendant's case is properly pending in the Appellate Division on a basis authorized by N.C. Gen. Stat. § 15A-1444. "While it is true that a defendant may challenge the jurisdiction of a trial court, such a challenge may be made in the appellate division only if and when the case is properly pending before the appellate division." State v. Absher, 329 N.C. 264, 265, ftn. 1, 404 S.E.2d 848, 849, ftn. 1 (1991), rev'd. on other grounds by 335 N.C. 155, 436 S.E.2d 365 (1993); see also State v. Rinehart, ___ N.C. App. ___, 673 S.E.2d 769, 2009 N.C. App. Lexis 244 (2009) (explaining that this Court lacked the authority to consider defendant's speedy trial and double jeopardy claims because he did not couple them with a claim cognizable on appeal pursuant to N.C. Gen. Stat. § 15A-1444(e)); State v. Carter, 167 N.C. App. 582, 605 S.E.2d 676 (2004) (explaining that this Court lacked the authority to consider defendant's challenge to the voluntariness of his guilty plea and the trial court's decision to sentence him for both felonious larceny and possession of stolen property as a matter of right because he did not couple those claims with claims cognizable under N.C. Gen. Stat. § 15A-1444(e)); State v. Hawkins, 110 N.C. App. 837, 431 S.E.2d 503 (1993), overruled on other grounds by State v. Cheek, 339 N.C. 725, 453 S.E.2d 862 (1995) (explaining that this Court lacked the authority to consider defendant's challenge to the sufficiency of an habitual felon indictment because he did not couple that claim with claims cognizable under N.C. Gen. Stat. § 15A-1444(e)). As a result of the fact that Defendant has not combined his challenge to the habitual felon indictment with a claim that is clearly cognizable under N.C. Gen. Stat. § 15A-1444(e), he simply does not have an appeal as a matter of right from the Superior Court to this Court. Thus, Defendant's appeal must be dismissed for this reason as well.[5] Our decision to grant the State's motion to dismiss Defendant's appeal should not be understood to prejudice any right legitimately available to Defendant enforceable through the filing of a motion for appropriate relief under N.C. Gen. Stat. §§ 15A-1411 and 1415 in the trial court. "Such relief must be sought in the trial court under N.C. Gen. Stat. § 15A-1413, since the appellate courts may rule on such a motion under N.C. Gen. Stat. § 15A-1418 only when the defendant has either an appeal of right or a properly pending petition of a writ of certiorari." Jamerson, 161 N.C. App. at 530, 588 S.E.2d 547. Accordingly, we dismiss Defendant's appeal without prejudice to any right he may have to seek relief by filing a motion for appropriate relief pursuant to N.C. Gen. Stat. §§ 15A-1411 and 1415.
DISMISSED.
CHIEF JUDGE MARTIN and JUDGE WYNN concur.
Report per Rule 30(e).
NOTES
[1] Although one section of the plea transcript indicates that Defendant also agreed to plead guilty to possession of cocaine in addition to possession of heroin, he never actually entered a plea of guilty to the cocaine possession charge. We assume, based on the fact that another portion of the plea transcript does not include the cocaine possession charge in the list of charges to which Defendant agreed to plead guilty and the fact that the State did not request Defendant to enter such a plea during the plea colloquy and sentencing hearing, that the plea agreement did not, in fact, call for Defendant to enter a plea of guilty to possession of cocaine and that the reference to such a plea in the plea transcript is in error.
[2] Defendant did move to dismiss the habitual felon indictment on selective prosecution grounds. The trial court denied that motion after a brief oral argument conducted following the acceptance of Defendant's guilty plea and prior to the imposition of sentence.
[3] Immediately after the imposition of sentence, Defendant's trial counsel stated that Defendant "would give Notice of Appeal with respect to the denial of his motion to dismiss the habitual felon." In response, the trial court stated "[s]how the notice of appeal as to the pretrial motion challenging the constitutionality of the habitual felon indictment." Defendant has not brought the issues raised by the trial court's denial of his selective prosecution challenge forward for consideration by this Court.
[4] The State contends that Defendant is advancing a variance theory rather than a challenge to the facial validity of the habitual felon indictment and that such challenges are waived if not asserted before the trial court. McGee, 175 N.C. App. at 588, 623 S.E.2d at 784. A variance challenge rests on a discrepancy between the allegations of the indictment and the proof offered in support of those allegations. Baldwin, 117 N.C. App. at 716, 453S.E.2d 194. In this instance, the documents offered by the State in order to establish a factual basis for Defendant's admission matched the allegations in the indictment. As a result, the argument advanced by Defendant on appeal does not amount to a variance-based challenge to the judgment entered against Defendant.
[5] N.C. Gen. Stat. § 15A-1444(e) provides that a defendant "not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court" "may petition the appellate division for review by writ of certiorari." However, this Court has held that it lacks authority to issue such a writ unless its filing is permissible under N.C.R. App. P. 21, which limits this Court's authority to grant certiorari to instances in which "the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to [N.C. Gen. Stat. §] 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief." Jamerson, 161 N.C. App. at 529, 588 S.E.2d at 547; see also State v. Nance, 155 N.C. App. 773, 574 S.E.2d 692 (2003); Pimental, 153 N.C. App. 69, 568 S.E.2d 807 (2002); State v. Dickson, 151 N.C. App. 136, 564 S.E.2d 640 (2002). Even if Defendant were to seek such certiorari review and even if we were to conclude that we had the authority to grant that request pursuant to N.C.R. App. P. 21, we would decline to do so in the exercise of our sound discretion.