615 S.E.2d 90 (2005)
In the Matter of D.W.
No. COA04-1211.
Court of Appeals of North Carolina.
July 19, 2005.
Attorney General Roy Cooper, by Special Deputy Attorney General Gail E. Dawson, for the State.
Anthony M. Brannon, Raleigh, for defendant-appellant.
*91 MARTIN, Chief Judge.
Defendant juvenile, D.W., was adjudicated responsible for first-degree attempted rape and indecent liberties between children. A sentence of nine months probation was imposed. For the reasons that follow, we find no error in the trial court's ruling.
The State presented evidence at trial tending to show the following: In June 2004, eight-year-old A.M. lived with her mother, step-father, fourteen-year-old step-brother (D.W.), three-year-old brother, and six-week-old brother. A.M. testified that on 23 June 2004 she was in the living room sitting on the couch with her baby brother. At the time, her mother was in her bedroom with the three-year-old. D.W. was in his room, then came out, went into the kitchen, and went to the mailbox. When D.W. came back into the house he took the baby from A.M. and put the baby in his crib. D.W. then told A.M. to "come here" and pulled her into his room. A.M. testified that D.W. pulled down her pants and touched her "private" with his "private." A.M.'s mother entered D.W.'s room and saw D.W. run into the closet. At that time his pants were down around his legs. A.M. was shown a drawing of a boy without clothing and a girl without clothing and was able to identify their body parts. A.M. indicated on the drawings that D.W. touched her vagina with his penis.
The testimony of A.M.'s mother and Officer Adrian Hucks of the Charlotte-Mecklenburg Police Department indicated that A.M. told each of them the same sequence of facts. A.M.'s mother testified that when she entered the room, she saw A.M. in D.W.'s bed with the covers up to her neck. She removed the covers from A.M. and found that *92 the child was not wearing any bottoms. She waited for D.W.'s father to return home from work, then she and D.W.'s father talked to D.W. about the incident. D.W. maintained that he did not do anything. A.M.'s mother called the police, and Officer Hucks arrived and took a statement from A.M. Later, A.M. complained that she felt a burning sensation when she urinated, so her mother took her to the hospital.
At the close of the State's evidence, defendant juvenile moved to dismiss the charges based on the insufficiency of the evidence and a failure to show the ages of A.M. and D.W. A review of the evidence showed that evidence of A.M.'s age had been presented, but there had been no evidence of D.W.'s age. The State was permitted, over defendant juvenile's objection, to reopen the evidence and present evidence that D.W. was fourteen years of age at the time of the incident.
Defendant juvenile presented testimony on his own behalf. His testimony during direct examination was not recorded and is therefore not included in the transcript. However, his testimony on cross-examination is in the transcript before us. D.W. testified on cross-examination that on the morning of 23 June 2004 he watched a movie. After the movie he went to the bathroom. A.M. was in his room when he returned. D.W. testified that he was on the floor when his step-mother came into the room. When he heard her coming, D.W. ran into the closet. He testified that he was not pulling his pants up while he ran to the closet. D.W. did not leave the closet until A.M. and his step-mother left the room.
The trial court adjudicated defendant juvenile responsible for attempted first-degree rape and indecent liberties between minors. The trial court imposed a sentence of nine months probation. Defendant juvenile appeals.
The record on appeal contains six separate assignments of error. Defendant brings forward three of the assignments of error in two separate arguments. The remaining assignments of error are deemed abandoned. N.C. R.App. P. 28(a) (2004). Defendant asserts that (1) he is entitled to a new trial because although he testified at trial, the trial court inadvertently failed to record his testimony, and (2) the trial court erred in denying his motion to dismiss at the end of all of the evidence when the evidence was insufficient to support an adjudication that defendant committed attempted first-degree statutory rape and indecent liberties between children. We will first address the trial court's denial of defendant's motion to dismiss.

I. Motion to Dismiss
In reviewing a motion to dismiss on the grounds of sufficiency of the evidence, the issue is "whether substantial evidence exists as to each essential element of the offense charged and of the defendant being the perpetrator of that offense." State v. Glover, 156 N.C.App. 139, 142, 575 S.E.2d 835, 837 (2003). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." State v. Vick, 341 N.C. 569, 583-84, 461 S.E.2d 655, 663 (1995). A motion to dismiss should be denied if there is substantial evidence, whether direct, circumstantial, or both, that the defendant committed the offense charged. State v. Thaggard, 168 N.C.App. 263, 281, 608 S.E.2d 774, 786 (2005). "The trial court must consider the evidence `in the light most favorable to the State,' and the State is entitled to every reasonable inference to be drawn from it." State v. Quinn, 166 N.C.App. 733, 739, 603 S.E.2d 886, 889 (2004) (quoting State v. Bright, 301 N.C. 243, 257, 271 S.E.2d 368, 377 (1980)).

A. Attempted First-Degree Rape
Defendant contends that the trial court erred when it failed to dismiss the allegation of attempted first-degree rape at the end of all of the evidence. In order for defendant to be adjudicated responsible for attempted first-degree rape of a child,
the State must show that the victim was twelve years old or less, that the defendant was at least twelve years old and at least four years older than the victim, that the defendant had the intent to engage in vaginal *93 intercourse with the victim, and that the defendant committed an act that goes beyond mere preparation but falls short of actual commission of intercourse.
State v. Gregory, 78 N.C.App. 565, 571, 338 S.E.2d 110, 114 (1985), cert. denied, 498 U.S. 879, 111 S.Ct. 211, 112 L.Ed.2d 171 (1990); see N.C. Gen.Stat. § 14-27.2 (2003). Since Gregory, the statute was amended to read that the victim must be thirteen years old or less. N.C. Gen.Stat. § 14-27.2 (2003)(stating that a person is guilty of first-degree rape for vaginal intercourse "with a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim"). The evidence tended to show that defendant was fourteen years old and AM was eight years old at the time of the offense. Therefore, defendant was six years older than the victim, and the age elements of attempted first-degree rape of a child are satisfied.
The intent element of attempted first-degree rape is established if the defendant, at any time during the attempt, intended to gratify his passion upon the victim, notwithstanding any resistance on the victim's part. State v. Moser, 74 N.C.App. 216, 220, 328 S.E.2d 315, 317 (1985). Because intent is "an attitude or emotion of the mind and is seldom, if ever, susceptible of proof by direct evidence, it must ordinarily be proven by circumstantial evidence, i.e., by facts and circumstances which may be inferred." Id.
Defendant argues that the State did not present the evidence necessary to find an intent to engage in vaginal intercourse. We disagree. The evidence as viewed in the light most favorable to the State is as follows: defendant told A.M. to come into his room. A.M. entered the room, and defendant pulled down A.M.'s pants. Defendant then pulled down his own pants and touched A.M.'s vagina with his penis. When he heard A.M.'s mother, defendant ran to his closet while pulling up his pants. While A.M.'s mother was in the room defendant hid in the closet. At that time, A.M. was under the covers in defendant's bed wearing no pants or underwear. The age of the defendant, the act of defendant touching his penis to A.M.'s vagina, and defendant running to the closet and hiding from A.M.'s mother permit a reasonable inference that defendant had the requisite intent to gratify his passion through vaginal intercourse with A.M.
Defendant also "committed an act that goes beyond mere preparation" when he pulled down his pants and touched his penis to A.M.'s vagina, thereby satisfying the final element of the offense. Gregory, 78 N.C.App. at 571, 338 S.E.2d at 114 (1985). The trial court properly denied defendant's motion to dismiss for insufficiency of the evidence on the charge of attempted first-degree rape of a child.

B. Indecent Liberties Between Minors
Defendant also asserts that the trial court erred by failing to dismiss the allegation in the petition that D.W. committed indecent liberties between children. Defendant contends that the State did not present any evidence that defendant acted with the purpose or intent of gratifying sexual desire. Under N.C. Gen.Stat. § 14-202.2 (indecent liberties between children),
(a) A person who is under the age of 16 years is guilty of taking indecent liberties with children if the person either:
(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex who is at least three years younger than the defendant for the purpose of arousing or gratifying sexual desire; or
(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex who is at least three years younger than the defendant for the purpose of arousing or gratifying sexual desire.
N.C. Gen.Stat. § 14-202.2 (2003). As we have noted, defendant was fourteen years old and A.M. was eight years old at the time of the offense, creating more than the required three-year age difference between them.
To prove that defendant had "the purpose of arousing or gratifying a sexual desire," id., there must be some showing of intent, maturity, experience, or purpose in acting. In re T.C.S, 148 N.C.App. 297, 302-03, *94 558 S.E.2d 251, 254 (2002). The act alone does not infer the gratification of sexual desires when the offense is between children. Id. The facts in this case are similar to the facts of In re T.C.S., where the evidence presented by the State was sufficient to deny a motion to dismiss because the defendant was seen leaving a secretive wooded area hand-in-hand with the victim, who appeared disheveled. Id. Defendant in this case was seen in his room running to the closet while pulling up his pants, and the victim was found in defendant's bed unclothed from the waist down. The evidence presented by the State was sufficient to show defendant had the requisite "intent" and "purpose in acting" to gratify a sexual desire. Id. The trial court properly denied defendant's motion to dismiss for insufficiency of the evidence on the charge of indecent liberties between children. Defendant's argument with respect to both of the offenses is overruled.

II. Sufficiency of the Transcript
Defendant also alleges that he is entitled to a new trial because the trial court inadvertently failed to record his testimony on direct examination at trial. "If a transcript is altogether inaccurate and no adequate record of what transpired at trial can be reconstructed, the court must remand for a new trial." In re Rholetter, 162 N.C.App. 653, 664, 592 S.E.2d 237, 244 (2004). A new trial is appropriate if the incomplete nature of the transcript prevents the appellate court from conducting a "meaningful appellate review." In re Hartsock, 158 N.C.App. 287, 293, 580 S.E.2d 395, 399 (2003).
In the present case, we are able to conduct a meaningful review of defendant's appeal for two reasons. First, defendant's only other argument on appeal is the trial court's denial of his motion to dismiss. As we have held above, the State presented substantial evidence of every element of each offense. Regardless of what defendant might have testified to on direct examination, we are still required, upon a motion to dismiss, to consider the evidence "in the light most favorable to the State; [and] the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom." State v. Powell, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980). Any contradictions or discrepancies the defendant might have raised in his direct examination "are for the [fact-finder] to resolve and do not warrant dismissal." Id. Therefore, because the record before us clearly shows that the evidence presented by the State was sufficient to deny defendant's motion to dismiss, we are able to conduct meaningful review of defendant's sole argument on appeal. See In re Rholetter, 162 N.C.App. 653, 664-665, 592 S.E.2d 237, 244 (2004) (stating that where "none of the ... findings of fact and conclusions of law in which respondent assigns error are supported solely on [the missing] testimony," respondent failed to prove that the transcript was "altogether inaccurate and inadequate").
Second, though the direct examination of defendant was not on record in the transcript, the cross-examination of defendant by the State is included in the transcript. So long as the missing parts of the transcript can be reconstructed from the record, and the transcript is adequate to allow the defendant to raise appellate issues, a new trial should not be granted. State v. Hammonds, 141 N.C.App. 152, 167-68, 541 S.E.2d 166, 177-78 (2000), aff'd per curiam, 354 N.C. 353, 554 S.E.2d 645 (2001), cert. denied, 536 U.S. 907, 122 S.Ct. 2363, 153 L.Ed.2d 184 (2002). Defendant's testimony during cross-examination provides a partial reconstruction of his account of what took place. He testified that after watching a movie he went to the bathroom. A.M. was in his room when he returned. He was sitting on the floor when his step-mother came into the room, and when he heard her coming, he ran into the closet. He testified that he was not pulling his pants up while he ran to the closet.
Defendant's attorney also summarized his testimony during her argument in support of her motion to dismiss. Her argument further reconstructs defendant's account of the sequence of events:
[W]hat his evidence has indicated is the question is why did he run in the closet?... He knew he was in trouble because he had left the house without his stepmother's *95 permission. His [father has] indicated that that would indeed get him into trouble. And so when he (inaudible) the house, there's also (inaudible) not just even between the two of them which is contradictory to what [AM's mother] testified to when she was on the stand.... The child ran into the closet to avoid her, that the young lady was on his bed, that he did not know her state of apparel because she had the covers over her.... That I don't know why and my client does not know why she would have her clothes off or down or however because [he] was not in the room when she came in the room. He went to the bathroom, and then when he came to the room, she was under the covers in the bedroom. So he doesn't know exactly what was going on in regards to that.
The import of defendant's testimony is in the record before us through his cross-examination and his attorney's argument. Because we are able to reconstruct the missing testimony, and because we can rule upon defendant's only other argument based on the sufficiency of the State's evidence, the record before us is adequate. This argument is overruled.
In the judgment of the trial court, we find
No error.
Judges WYNN and TIMMONS-GOODSON concur.