STATE OF NORTH CAROLINA v. EDWARD DEVILLE HOBBS

No. COA07-914

(Filed 6 May 2008)

**Criminal Law— missing transcript of evidentiary phase of trial—unavailability—absence of available alternatives— new trial**

A defendant convicted of armed robbery and other offenses is entitled to a new trial based on the fact that a verbatim transcript of the evidentiary phase of his trial was unavailable to him in the preparation of his appeal because: (1) N.C.G.S. § 7A-452(e) provides that an indigent defendant entering notice of appeal is entitled to receive a copy of the trial transcript at State expense; (2) defendant satisfied his burden of demonstrating the absence of available alternatives to the missing transcripts by showing his appellate counsel contacted defendant's trial counsel, the prosecutor, and the presiding judge without being able to obtain the pertinent information; (3) the lost proceedings comprised three days of testimony two years ago by an unknown number of witnesses concerning ten separate charges; and (4) although our courts have declined to find prejudice in cases in which a transcript is unavailable for only a portion of the trial proceedings, this appeal is hindered by the total unavailability of either a transcript or an acceptable alternative for a majority of defendant's trial, thus denying defendant the opportunity to procure meaningful appellate review.

Appeal by defendant from judgments entered 18 July 2005 by Judge Alma L. Hinton in Pitt County Superior Court. Heard in the Court of Appeals 18 March 2008.

**STATE v. HOBBS**

[190 N.C. App. 183 (2008)]

*Attorney General Roy A. Cooper, III, by Assistant Attorney General LaToya B. Powell, for the State.* ·

*Appellate Defender Staples Hughes, by Assistant Appellant Defender Anne M. Gomez, for defendant-appellant.*

JACKSON, Judge.

Edward DeVille Hobbs ("defendant") appeals from judgments entered upon jury verdicts finding him guilty of robbery with a dangerous weapon, possession of a firearm by a felon, possession of burglary tools, breaking and entering a motor vehicle, two counts of misdemeanor larceny, and two counts of possession of stolen goods. For the following reasons, we reverse and remand for a new trial.

On 24 January 2005, defendant was indicted for robbery with a dangerous weapon, possession of a firearm by a felon, possession of burglary tools, misdemeanor possession of marijuana, carrying a concealed weapon, two counts of breaking or entering a motor vehicle, two counts of misdemeanor larceny, and two counts of misdemeanor possession of stolen goods. On 18 July 2005, a jury acquitted defendant of misdemeanor possession of marijuana and one count of breaking or entering a motor vehicle, and found him guilty of the remaining charges. The trial court arrested judgment on the two counts of possession of stolen goods. The record before this Court does not disclose the disposition of the charge of carrying a concealed weapon. The trial court sentenced defendant as a prior record level II offender to sixty-one to eighty-three months imprisonment, along with a suspended sentence of thirteen to sixteen months imprisonment and thirty-six months supervised probation. Defendant failed to file timely notice of appeal, but on 3 November 2006, this Court allowed defendant's petition for writ of certiorari for the purpose of reviewing his convictions.

Kay Westbrook ("Westbrook") was the court reporter who covered the proceedings on 18 July 2005—the portion of defendant's trial beginning with closing arguments. Westbrook completed the transcript of the proceedings on 18 July 2005 and mailed a copy of the transcript to the Office of the Appellate Defender on 2 January 2007. However, Kimberly Horstman ("Horstman"), the court reporter for the proceedings from 12 July through 14 July 2005, was unable to complete a transcript because her notes and the audiotapes from that portion of defendant's trial had been lost. Specifically, on 18

December 2006, Horstman contacted the Pitt County Superior Court Judicial Assistant Marilyn Ellis ("Ellis"), requesting sixteen audio tapes and handwritten notes from her portion of defendant's trial for the purposes of preparing transcripts for the instant appeal. The following day, Ellis retrieved the requested tapes and notes and sent the original tapes by uncertified United States mail to Horstman's correct home address. Horstman never received the package, and was unable to obtain any information about the package or its whereabouts from either the post office or her postal carrier. These tapes and notes, which covered the evidentiary phase of defendant's trial, are believed to be lost.

In his sole assignment of error, defendant contends that he is entitled to a new trial because a verbatim transcript of the evidentiary phase of his trial was unavailable to him in the preparation of his appeal. We agree.[1]

Pursuant to North Carolina General Statutes, section 7A-452(e), when an indigent defendant had entered notice of appeal, he is entitled to receive a copy of the trial transcript at State expense. N.C. Gen. Stat. § 7A-452(e) (2007). Although due process does not "require[] a verbatim transcript of the entire proceedings," *Karabin v. Petsock*, 758 F.2d 966, 969 (3d Cir. 1985), *cert. denied*, 474 U.S. 857, 106 S. Ct. 163 (1985), the United States Supreme Court has held that an appellate "counsel's duty cannot be discharged unless he has a transcript of the testimony and evidence presented by the defendant and also the court's charge to the jury, as well as the testimony and evidence presented by the prosecution." *Hardy v. United States*, 375 U.S. 277, 282, 11 L. Ed. 2d 331, 335 (1964). In *Hardy*, Justice Goldberg further explained in his concurring opinion, joined by Chief Justice Warren and Justices Brennan and Stewart, that

[a]s any effective appellate advocate will attest, the most basic and fundamental tool of his profession is the complete trial transcript, through which his trained fingers may leaf and his trained eyes may roam in search of an error, a lead to an error, or even a basis upon which to urge a change in an established and hitherto accepted principle of law. Anything short of a complete transcript is incompatible with effective appellate advocacy.

---

1. Defendant has preserved this issue for our review by "assert[ing] as an assignment of error that he is unable to obtain an effective appellate review of errors committed during the trial proceeding because of the inability of the [r]eporter to prepare a transcript." *State v. Neely*, 21 N.C. App. 439, 441, 204 S.E.2d 531, 532 (1974).

**STATE v. HOBBS**

[190 N.C. App. 183 (2008)]

· *Id.* at 288, 11 L. Ed. 2d at 339 (Goldberg, J., concurring). Nevertheless, notwithstanding the critical importance of a complete trial transcript for effective appellate advocacy, "[t]he unavailability of a verbatim transcript does not automatically constitute error. To prevail on such grounds, a party must demonstrate that the missing recorded evidence resulted in prejudice. General allegations of prejudice are insufficient to show reversible error." *State v. Quick*, 179 N.C. App. 647, 651, 634 S.E.2d 915, 918 (2006) (internal citation omitted).

In the case *sub judice*, transcripts of the evidentiary phase of defendant's trial are unavailable to defendant for his appeal. Although defendant emphasizes that he is represented by different counsel on appeal than at trial, new counsel on appeal is but one factor in determining prejudice in the event of a missing or incomplete transcript. *See United States v. Sierra*, 981 F.2d 123, 126 (3d Cir. 1992), *cert. denied*, 508 U.S. 967, 113 S. Ct. 2949 (1993).[2] The fact that defendant is represented by new counsel on appeal, however, is relevant in determining whether defendant has satisfied his burden of attempting to reconstruct the record. Specifically, our Supreme Court has held that the lack of a transcript does not prejudice the defendant when alternatives—such as a narrative of testimonial evidence compiled pursuant to Rule 9(c)(1) of the North Carolina Rules of Appellate Procedure—"are available that would fulfill the same functions as a transcript and provide the defendant with a meaningful appeal." *State v. Lawrence*, 352 N.C. 1, 16, 530 S.E.2d 807, 817 (2000), *cert. denied*, 532 U.S. 1083, 148 L. Ed. 2d 684 (2001).

Here, defendant's appellate counsel contacted defendant's trial counsel in an attempt to reconstruct the record. By affidavit dated 4 June 2007, defendant's trial counsel informed defendant's appellate counsel that he had little memory of the charges or the trial, that he possessed no notes from the trial, and that he would be unable to assist in reconstructing the proceedings. Defendant's appellate counsel also contacted both the prosecutor and the presiding judge, Judge Alma L. Hinton ("Judge Hinton"). By facsimile dated 9 May 2007,

---

2. "The majority of circuits have maintained that to obtain a new trial, *whether or not appellate counsel is new*, the defendant must show that the transcript errors *specifically prejudiced* his ability to perfect an appeal." *United States v. Huggins*, 191 F.3d 532, 537 (4th Cir. 1999) (emphases added), *cert. denied*, 529 U.S. 1112, 146 L. Ed. 2d 799 (2000). Although some courts have employed a less demanding test for prejudice when a defendant is represented by new counsel on appeal, such a rule would "create[] the perverse incentive of encouraging defendants to dismiss trial counsel and seek new appellate counsel whenever questions arise over the sufficiency of a trial transcript." *Id.* (criticizing the approach taken by the Fifth and Eleventh Circuits).

Judge Hinton's assistant informed defendant's appellate counsel that "Judge Hinton asked that I let you know she has no notes with respect to the trial of . . . defendant over which she presided on July 12, 2005, in Pitt County." By letters correctly addressed to the prosecutor and dated 20 March 2007 and 3 May 2007, defendant's appellate counsel requested from the prosecutor any notes he might have relating to the proceedings. The record fails to contain either a response from the prosecutor or any indication that the prosecutor did not receive the letters. Although the better practice would have been for defendant's appellate counsel to follow up with the prosecutor via telephone after failing to receive a response from her letters, the State has advanced no argument in its brief to this Court that the letters were not received. Accordingly, defendant satisfied his burden of demonstrating the absence of available alternatives to the missing transcripts.[3]

Without an adequate alternative, this Court must determine whether "the incomplete nature of the transcript prevents the appellate court from conducting a 'meaningful appellate review,' " in which case a new trial would be warranted. *In re D.W.*, 171 N.C. App. 496, 502, 615 S.E.2d 90, 94 (2005) (quoting *In re Hartsock*, 158 N.C. App. 287, 293, 580 S.E.2d 395, 399 (2003)). Here, a transcript is available for the final day of defendant's trial and includes the jury instructions, verdict, and sentencing. However, as defendant correctly argues, "[t]he lost proceedings comprised three days of testimony two years ago by an unknown number of witnesses concerning ten separate charges." Although our Courts have declined to find prejudice in cases in which a transcript is unavailable for only a portion of the trial proceedings,[4] the instant appeal is hindered by the total unavailabil-

---

3. We note that the precise burden imposed upon appellants for reconstructing the records has not been defined. *Compare United States v. Gallo*, 763 F.2d 1504, 1530 (6th Cir. 1985) ("a reasonable but unsuccessful effort"), *State v. Baldridge*, 857 S.W.2d 243, 253 (Mo. Ct. App. 1993) ("due diligence"), *and State v. Polk*, No. 57511, 1991 Ohio App. LEXIS 900, at *6 (Ohio Ct. App. Mar. 7, 1991) ("A good faith effort requires the use of all possible sources, not just trial counsel's recollection."). However, we decline to reach this issue in the instant appeal.

4. *See, e.g., Lawrence*, 352 N.C. at 16, 530 S.E.2d at 817 (declining to find prejudice when (1) "a mechanical malfunction resulted in the elimination of a portion of Detective Bernice Smith's testimony and all of Special Agent Tom Trochum's testimony from the record," (2) "the State set out the unrecorded testimony in narrative form" in the record; and (3) "[t]he trial court held a settlement conference at which Detective Smith and Agent Trochum both testified that the State's summary was an accurate reflection of their testimony at trial."); *D.W.*, 171 N.C. App. at 502-03, 615 S.E.2d at 94 (declining to find prejudice when (1) "the trial court inadvertently failed to record [the juvenile's] testimony on direct examination"; (2) "[the juvenile']s only other argument

ity of either a transcript or an acceptable alternative for a *majority* of defendant's trial. *See People v. Bills*, 45 Cal. Rptr. 2d 364, 367-68 (Cal. Ct. App. 1995) ("The cases which have reversed convictions because records were lost involved very substantial omissions, such as *all* or a large portion or a crucial portion of the reporter's notes, or a crucial item of evidence." (internal citations omitted)), *disc. rev. denied*, No. S049756, 1996 Cal. LEXIS 152 (Cal. Jan. 4, 1996).[5]

As a result of the unavailability of transcripts or an acceptable alternative for the entire portion of defendant's trial preceding the jury instructions, defendant has been rendered unable to procure meaningful appellate review of his trial. Accordingly, we must grant defendant a new trial.

New Trial.

Judges WYNN and BRYANT concur.

———————————————

on appeal is the trial court's denial of his motion to dismiss"; and (3) "the record . . . clearly show[ed] that the evidence presented by the State was sufficient to deny [the juvenile]'s motion to dismiss").

5. An example of a "crucial portion of the reporter's notes" is *State v. Hernandez*, 173 N.C. App. 448, LEXIS 2035 (N.C. Ct. App. Sept. 20, 2005), in which the defendant challenged the denial of his motion to suppress and the court reporter's notes from the suppression were lost. This Court held that "the record indicate[d] that defendant . . . attempted unsuccessfully to procure an acceptable alternative to a transcript," and the Court granted the defendant a new suppression hearing. *Hernandez*, 2005 N.C. App. LEXIS 2035, at 8. Although not bound by unpublished opinions, *see State v. Pritchard*, 186 N.C. App. 128, 129, 649 S.E.2d 917, 918-19 (2007), the facts of *Hernandez* are virtually indistinguishable from the instant case.