ARROWOOD, Judge.
 

 *652
 

 *140
 
 William Yates appeals from judgments entered upon his convictions for second degree kidnapping, communicating threats, assault with a deadly weapon, breaking or entering, assault on a female, first degree rape, and two counts of first degree sexual assault. Because a recording equipment malfunction prevented the court reporter from producing a full transcript of the trial, including crucial portions of the victim's testimony such as cross-examination, defendant is entitled to a new trial.
 

 I.
 
 Background
 

 On 13 October 2014, a Cumberland County Grand Jury returned indictments charging defendant with felonious breaking or entering, felonious assault inflicting physical injury by strangulation, misdemeanor assault on a female, first degree kidnapping, misdemeanor communicating threats, misdemeanor assault with a deadly weapon, first degree forcible rape, and two counts of first degree sexual offense. The State moved to join the offenses for trial and the motion was granted on 4 January 2016. Defendant's case was tried in Cumberland County Superior Court before the Honorable Thomas H. Lock beginning on 16 August 2016.
 

 At the end of the State's evidence, the trial court granted defendant's motion to dismiss the felonious assault inflicting physical injury by strangulation charge and denied defendant's motion to dismiss any of the other charges. On 19 August 2016, the jury returned verdicts finding defendant guilty of felonious breaking or entering, assault on a female, first degree kidnapping, communicating threats, assault with a deadly weapon, first degree rape, and two counts of first degree sexual offense. Also on 19 August 2016, the trial court signed an order dismissing the assault inflicting physical injury by strangulation charge. The trial court entered a prayer for judgment continued until 23 August 2016.
 

 On 22 August 2016, defendant filed a motion for appropriate relief ("MAR") seeking to have the verdicts set aside and for a new trial. On 23 August 2016, the trial court denied defendant's MAR and entered judgments. The court first arrested judgment on the first degree kidnapping conviction in favor of entering judgment for second degree kidnapping. The court consolidated the second degree kidnapping, communicating threats, assault with a deadly weapon, breaking or entering, and assault on a female convictions and entered judgment
 
 *141
 
 sentencing defendant to a term of 35 to 54 months' imprisonment. The court then entered a separate judgment on the first degree rape conviction sentencing defendant to a concurrent term of 336 to 464 months' imprisonment. Lastly, the court consolidated the two first degree sexual offense convictions and entered a third judgment sentencing defendant to a term of 336 to 464 months' imprisonment to begin at the expiration of the sentence imposed for first degree rape. Defendant gave notice of appeal in open court.
 

 II.
 
 Discussion
 

 On appeal, defendant argues that he has been denied a meaningful appeal because a portion of the trial transcript is missing and that the trial court erred in denying his motions to dismiss for insufficiency of the evidence. We grant defendant a new trial based on the incomplete transcript of the trial proceedings.
 

 1.
 
 Missing Transcript
 

 In the first issue on appeal, defendant points out that a portion of the trial transcript from 18 August 2016 is missing. Defendant asserts that he is entitled to a new trial because the incomplete transcript has deprived him of a meaningful appeal.
 

 This Court has explained that "[o]ur caselaw contemplates the possibility that the unavailability of a verbatim transcript may in certain cases deprive a party of its right to meaningful appellate review and that, in such cases, the absence of the transcript would itself constitute a basis for appeal."
 
 In re Shackleford
 
 , --- N.C. App. ----, ----,
 
 789 S.E.2d 15
 
 , 18 (2016) (citing
 
 State v. Neely
 
 ,
 
 21 N.C. App. 439
 
 , 441,
 
 204 S.E.2d 531
 
 , 532 (1974) ).
 

 However, the unavailability of a verbatim transcript does not automatically constitute reversible error in every case. Rather, to prevail on such grounds, a party must
 
 *653
 
 demonstrate that the missing recorded evidence resulted in prejudice. General allegations of prejudice are insufficient to show reversible error. Moreover, the absence of a complete transcript does not prejudice the defendant where alternatives are available that would fulfill the same functions as a transcript and provide the [appellant] with a meaningful appeal.
 

 Id
 
 . at ----,
 
 789 S.E.2d at 18
 
 (internal quotation marks, citations, and emphasis omitted).
 

 *142
 
 To determine whether the right to a meaningful appeal has been lost, our Courts conduct a three-step inquiry. First, we must determine whether defendant has "made sufficient efforts to reconstruct the [proceedings] in the absence of a transcript."
 
 Id
 
 . at ----,
 
 789 S.E.2d at 18
 
 . Second, we must determine whether those "reconstruction efforts produced an adequate alternative to a verbatim transcript-that is, one that would fulfill the same functions as a transcript...."
 
 Id
 
 . at ----,
 
 789 S.E.2d at 19
 
 (internal quotation marks and citation omitted). Third, "we must determine whether the lack of an adequate alternative to a verbatim transcript of the [proceedings] served to deny [defendant] meaningful appellate review such that a new [trial] is required."
 
 Id
 
 . at ----,
 
 789 S.E.2d at 20
 
 .
 

 In the present case, the court reporter delivered a three volume transcript of the trial proceedings to defendant. Volume I of the transcript includes the trial court proceedings on 16 and 17 August 2016, during which the court heard pretrial motions, conducted jury selection, and began to hear the State's evidence. At the time the trial was adjourned for the evening on 17 August 2016, the State was conducting its direct examination of the alleged victim. Upon releasing the alleged victim from the witness stand, the trial court instructed her "to return in the morning." Volume I of the transcript ends with a note indicating "[t]he trial adjourned at 5:04 p.m., August 17, 2016, and reconvened at 9:30 a.m., August 18 2016." Volume II of the transcript, however, begins with a note indicating that "[t]he hearing convened at 11:08 a.m., August 18, 2016[.]" At that time, the State called its next witness.
 

 There is no record of what happened in court on 18 August 2016 from 9:30 a.m. to 11:08 a.m. In place of a verbatim transcript, defendant's appellate counsel prepared and delivered a narrative form transcript. The narrative form transcript states only that "[b]etween 9:30 AM and 11:08 AM on 18 August 2016, trial proceedings occurred which included, at minimum, the cross examination of the State's witness[, the alleged victim]." However, given how the proceedings ended on 17 August 2016, it is likely the State also continued its direct examination of the alleged victim during that time. It is also possible that other witnesses testified.
 

 Regarding the first two inquiries set out in
 
 Shackleford
 
 , defendant contends that he made sufficient efforts to reconstruct the missing portion of the transcript and that the alternative is inadequate. We agree.
 

 Defendant's appellate counsel included with the narrative form transcript a "certificate of transcript" that was verified and notarized. The certificate explains that the missing portion of the transcript is the result
 
 *143
 
 of a recording malfunction and that, after neither the court reporter nor her supervisor could recover any recording of the proceedings from 9:30 a.m. to 11:08 a.m. on 18 August 2016, this Court granted a motion to prepare the transcript in narrative form. The certificate then details counsel's efforts to reconstruct the missing portion of the transcript.
 

 Those efforts began with the mailing of a letter to the presiding judge, the prosecutor, the court reporter, and defense attorneys on 18 October 2017 requesting that they share their recollection of what occurred during the portion of the trial for which there is no transcript. None of those parties involved in the trial responded to the letter. A follow up email was sent to the prosecutor, the court reporter, and defense attorneys on 13 November 2017 with the original letter attached. The presiding judge was omitted from the email because his email address was unknown. The email once more requested assistance in reconstructing the missing transcript. Again, there was no response. The certificate further explains that the only information defendant's appellate counsel has about the unrecorded portion of the trial is
 
 *654
 
 that cross-examination of the alleged victim did take place. Counsel was able to speak with the prosecutor by telephone on 22 August 2017 and the prosecutor confirmed that defense counsel did cross-examine the alleged victim.
 

 Comparing these efforts by defendant's appellate counsel to reconstruct the missing transcript to those efforts determined to be sufficient in
 
 State v. Hobbs
 
 ,
 
 190 N.C. App. 183
 
 ,
 
 660 S.E.2d 168
 
 (2008), and
 
 Shackleford
 
 , we hold the efforts in the present case were sufficient.
 

 In
 
 Hobbs
 
 , in which the transcripts of the evidentiary phase of the defendant's trial were unavailable for the defendant's appeal, the defendant's appellate counsel contacted the defendant's trial counsel, the prosecutor, and the presiding judge in an attempt to reconstruct the transcript.
 
 190 N.C. App. at 186-87
 
 ,
 
 660 S.E.2d at 170-71
 
 . Responses were received from the defendant's trial counsel and the presiding judge indicating they either had little memory of the proceedings or had no notes.
 
 Id
 
 . at 186-87,
 
 660 S.E.2d at 171
 
 . There was no indication of a response from the prosecutor.
 
 Id
 
 . at 187,
 
 660 S.E.2d at 171
 
 . Although noting in a footnote that "the precise burden imposed upon appellants for reconstructing the records has not been defined[,]"
 
 Id
 
 . at 187 n.3,
 
 660 S.E.2d at
 
 171 n.3, this Court held as follows:
 

 Although the better practice would have been for defendant's appellate counsel to follow up with the prosecutor via telephone after failing to receive a response from her letters, the State has advanced no argument in its brief to
 
 *144
 
 this Court that the letters were not received. Accordingly, defendant satisfied his burden of demonstrating the absence of available alternatives to the missing transcripts.
 

 Id
 
 . at 187,
 
 660 S.E.2d at 171
 
 .
 

 Similarly in
 
 Shackleford
 
 , in which the transcript of the respondent's involuntary commitment hearing was unavailable for the respondent's appeal, the respondent's appellate counsel sent letters to those parties present at the hearing, including the judge, deputy clerk, respondent's counsel, respondent, and others, seeking assistance in reconstructing the hearing transcript. --- N.C. App. at ----,
 
 789 S.E.2d at 17-18
 
 . The respondent's trial counsel provided notes from the hearing, but otherwise the responses from those present at the hearing were not helpful.
 
 Id
 
 . at ----,
 
 789 S.E.2d at 18
 
 . Relying on
 
 Hobbs
 
 , this Court explained that "[the r]espondent's appellate counsel took essentially the same steps as the appellants' attorney in
 
 Hobbs
 
 . Therefore, we similarly conclude that [r]espondent has satisfied his burden of attempting to reconstruct the record."
 
 Id
 
 . at ----,
 
 789 S.E.2d at 19
 
 .
 

 In this case, defendant's appellate counsel's efforts to reconstruct the missing portion of the transcript emulated those efforts determined to be sufficient in Hobbs and
 
 Shackleford
 
 and included a follow-up communication that this Court noted in
 
 Hobbs
 
 was "better practice." Thus, we hold defendant has met his burden.
 

 Notwithstanding the efforts of defendant's appellate counsel, defendant was unable to produce an adequate alternative to a verbatim transcript. As detailed above, the reconstructed transcript provides only that "[b]etween 9:30 AM and 11:08 AM on 18 August 2016, trial proceedings occurred which included, at minimum, the cross-examination of the State's witness[, the alleged victim]."
 

 In
 
 Shackleford
 
 , this Court described an "adequate alternative to a verbatim transcript" as "one that 'would fulfill the same functions as a transcript....' "
 
 Id
 
 . at ----,
 
 789 S.E.2d at 19
 
 (quoting
 
 State v. Lawrence
 
 ,
 
 352 N.C. 1
 
 , 16,
 
 530 S.E.2d 807
 
 , 817 (2000) ). This Court also noted that "in virtually all of the cases in which we have held that an adequate alternative to a verbatim transcript existed, the transcript of the proceeding at issue was only partially incomplete, and any gaps therein were capable of being filled."
 
 Id
 
 . at ----,
 
 789 S.E.2d at 19
 
 (emphasis omitted).
 
 Shackleford
 
 , however, was distinguishable from those cases in which only part of the transcript was missing because in
 
 Shackleford
 
 , "the transcript of the entire proceeding is unavailable, and the only independent account of what took place at the hearing consists of five pages
 
 *145
 
 of bare-bones handwritten notes that-in addition to not being wholly
 
 *655
 
 legible-clearly do not amount to a comprehensive account of what transpired at the hearing."
 
 Id
 
 . at ----,
 
 789 S.E.2d at 19-20
 
 (emphasis omitted). Thus, this Court concluded in
 
 Shackleford
 
 that the notes from the respondent's trial counsel did not constitute an adequate alternative to a verbatim transcript of the hearing.
 
 Id
 
 . at ----,
 
 789 S.E.2d at 20
 
 .
 

 Although only a portion of the transcript was missing in this case, unlike those cases referenced in
 
 Shackleford
 
 in which gaps in the transcripts were capable of being filled,
 
 see
 

 id
 
 . at ----,
 
 789 S.E.2d at
 
 19 (citing
 
 In re Bradshaw
 
 ,
 
 160 N.C. App. 677
 
 ,
 
 587 S.E.2d 83
 
 (2003),
 
 State v. Owens
 
 ,
 
 160 N.C. App. 494
 
 ,
 
 586 S.E.2d 519
 
 (2003), and
 
 State v. Hammonds
 
 ,
 
 141 N.C. App. 152
 
 ,
 
 541 S.E.2d 166
 
 (2000), as examples of cases where it was possible to reconstruct an incomplete transcript), there was no way to reconstruct the missing portion of the transcript in the present case. Despite sufficient efforts to reconstruct the transcript, defendant's appellate counsel was only able to verify that cross-examination of the alleged victim did take place. Without any suggestion as to the substance of the missing testimony, the alternative produced by defendant's appellate counsel does not fulfill the same functions as a transcript and is not an adequate alternative.
 

 Having determined defendant made sufficient efforts to reconstruct the missing portion of the transcript and that the alternative is inadequate, we turn to the final step of the inquiry, "whether the lack of an adequate alternative to a verbatim transcript of the [trial] served to deny [defendant] meaningful appellate review such that a new [trial] is required."
 
 Id
 
 . at ----,
 
 789 S.E.2d at 20
 
 .
 

 Defendant argues the incomplete transcript in this case has denied him meaningful appellate review because the missing transcript includes, at the very least, the cross-examination of the alleged victim, whom defendant contends is the State's chief witness and only eyewitness. Defendant contends that without the alleged victim's testimony the State could not present a
 
 prima facie
 
 case, and without a complete transcript of the alleged victim's testimony, or an adequate alternative, there is no way to identify specific errors below to raise on appeal. Defendant, however, has identified potential issues based on pretrial motions, testimony, and closing arguments. These potential issues include the admission of Rule 404(b) evidence that defendant sought to exclude through a motion
 
 in limine
 
 , the admission of cyber evidence, the admission of evidence of jail records regarding visitation, telephone calls, deposits, and emails related to defendant that the defense sought through a subpoena and were the subject of an objection and motion to
 
 *146
 
 quash by the State, and the admission of evidence of criminal charges against the alleged victim that could have been used to attack her credibility that was the subject of a motion for discovery by defendant, a motion
 
 in limine
 
 by the State, and pre-trial arguments on admissibility that led the trial court to reserve its ruling for trial. Defendant contends that references to particular evidence in the closing arguments, or alternatively, the lack of references to particular evidence, calls into question what rulings the trial court made regarding the above evidence during the unrecorded portion of the trial. Defendant, however, is unable to identify specific errors because there is no transcript.
 

 In response to defendant's argument, the State asserts "[it] is the appellant's responsibility to make sure that the record on appeal is complete and in proper form[,]"
 
 In re L.B.
 
 ,
 
 184 N.C. App. 442
 
 , 453-54,
 
 646 S.E.2d 411
 
 , 417-18 (2007), and that defendant must "demonstrate that the missing recorded evidence resulted in prejudice. General allegations of prejudice are insufficient to show reversible error[,]"
 
 State v. Quick
 
 ,
 
 179 N.C. App. 647
 
 , 651,
 
 634 S.E.2d 915
 
 , 918 (2006) (citations omitted). The State argues defendant's contention that there may have been appealable issues that were not transcribed is not enough because the "allegation does not allege specific prejudice as required." The State claims defendant's argument is based on conjecture and speculation.
 

 In
 
 Shackleford
 
 , this Court rejected a similar argument that the respondent had not demonstrated prejudice because he had not identified specific errors. --- N.C. App. at ----,
 
 789 S.E.2d at 21
 
 . As in this case, the
 
 *656
 
 respondent in
 
 Shackleford
 
 was "expressly contending that the unavailability of a transcript prejudiced him by depriving him of the ability to determine whether any potentially meritorious issues exist for appellate review."
 
 Id
 
 . at ----,
 
 789 S.E.2d at 21
 
 . This Court explained that
 

 an appellant would never be able to show prejudice in cases where ... the absence of a transcript renders the appellant unable to determine whether any errors occurred in the trial court that would necessitate an appeal in the first place. In such cases, the prejudice is the inability of the litigant to determine whether an appeal is even appropriate and, if so, what arguments should be raised.
 

 Id
 
 . at ----,
 
 789 S.E.2d at 21
 
 . This Court ultimately held that the respondent in
 
 Shackleford
 
 had demonstrated prejudice and was unable to obtain meaningful appellate review.
 
 Id
 
 . at ----,
 
 789 S.E.2d at 21
 
 .
 

 Here, defendant's argument is that he has been denied meaningful appellate review as a result of the incomplete transcript because he does
 
 *147
 
 not know with certainty what happened during the cross-examination of the alleged victim, a critical stage of the trial. Thus, defendant cannot identify errors below that may have affected the outcome of his trial. As stated in
 
 Shackleford
 
 , this inability to identify potential meritorious issues is the prejudice defendant has shown.
 

 Nevertheless, based on the record available in this case, defendant has identified potential issues related to the admissibility of specific evidence which was the subject of pretrial motions and arguments that were likely addressed by the trial court during the portion of the trial that was not transcribed. Given that the transcript is unavailable, this is the best defendant could do after defendant's appellate counsel's efforts to reconstruct the transcript were fruitless. Because the lack of a complete transcript has prevented defendant from identifying errors below, defendant has been prejudiced and has been denied meaningful appellate review. Therefore, defendant is entitled to a new trial.
 

 2.
 
 Motion to Dismiss
 

 Defendant also argues the trial court erred in denying his motions to dismiss for insufficiency of the evidence. However, because defendant is entitled to a new trial and any review of the record evidence by this Court would be a review of an incomplete transcript of the evidence presented below, we do not address this issue further.
 

 III.
 
 Conclusion
 

 Because meaningful appellate review is impossible in this case absent a verbatim transcript of the trial below, defendant is entitled to a new trial.
 

 NEW TRIAL.
 

 Judges BRYANT and HUNTER, JR. concur.