An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-538

Filed 18 March 2026

Union County, No. 20JT000188-890

IN THE MATTER OF:

H.A.M.

Appeal by respondent-appellant-mother from order entered 20 December 2024 by Judge Erin S. Hucks in Union County District Court. Heard in the Court of Appeals 28 January 2026.

> *Law Office of Jason Senges, by Jason Senges, for respondent-appellant-mother.*
>
> *Union County Division of Social Services, by Marc S. Gentile, for petitioner-appellee.*
>
> *Kathleen A. Jackson for appellee-Guardian ad Litem.*

GORE, Judge.

Respondent-mother appeals the order terminating her parental rights of Henry.[1] Respondent-mother's sole issue for review is whether the "lack of a full and

---

[1] Pseudonym utilized to protect the identity of the minor juvenile.

complete transcript" prevents her from meaningful appellate review. Upon reviewing the record, the transcript, and the briefs, we hold it does not and we affirm.

**I.**

The Union County Department of Social Services ("DSS") sought and obtained an adjudication determining Henry was neglected and dependent on 9 March 2021. Henry's custody remained with respondent-mother. On 9 December 2022, DSS filed another petition alleging Henry was neglected and dependent. DSS took non-secure custody of Henry. Henry was again adjudicated neglected and dependent, however, this time DSS maintained non-secure custody at disposition.

Respondent-mother received a Family Services Agreement that required she participate in a comprehensive clinical assessment, engage in parenting classes, family relationships, and submit to drug screens. Respondent-mother's identified needs included substance abuse, parenting skills, and mental and emotional health. The trial court held multiple permanency planning hearings in which the primary plan was reunification. Later, the plan was changed to adoption after the court found respondent-mother failed to address her identified needs of domestic violence, substance abuse and emotional/mental health. The court determined that respondent-mother failed to address those needs appropriately.

DSS filed a petition for termination of respondent-mother's parental rights on 23 May 2024. A termination hearing occurred from 18 November 2024 to 20 November 2024. The trial court entered an order terminating the parental rights of

respondent-mother. Respondent-mother timely sought appeal. The transcript for the proceedings were ordered and served upon the parties. Through no fault of either party, multiple parts of witness testimony within the transcript read, "inaudible." The parties obtained extensions to settle the record because of the incompleteness of the transcript. Petitioner and respondent-mother included narratives in the record as an alternative to the inaudible portions of testimony within the transcript.

## II.

Respondent-mother appeals of right pursuant to N.C.G.S. § 7B-1001(a)(7) and seeks a new trial. Respondent-mother argues the transcript is insufficient pursuant to section 7B-806 and the North Carolina Rules of Appellate Procedure 3.1(c) and prevents this Court from conducting a meaningful review of the termination of her parental rights. We disagree.

Section 7B-806 states, "All adjudicatory and dispositional hearings shall be recorded by stenographic notes or by electronic or mechanical means. Records shall be reduced to a written transcript only when timely notice of appeal has been given." N.C.G.S. § 7B-806 (2024). The North Carolina Rules of Appellate Procedure 3.1(c) states in part, "The transcriptionist must produce the transcript of the entire proceedings." A party's failure to comply with section 7B-806, is "not by itself grounds for a new hearing." *In re Bradshaw*, 160 N.C. App. 677, 681 (2003).

> To prevail on such grounds, a party must demonstrate that the missing recorded evidence resulted in prejudice. General allegations of prejudice are insufficient to show

reversible error.

> Only where a trial transcript is entirely inaccurate and inadequate, precluding formulation of an adequate record and thus preventing appropriate appellate review, would a new trial be required. Where the transcript, despite its imperfections, is not so inaccurate as to prevent meaningful review by this Court, the assertion that the recordation of juvenile court proceedings are inadequate to protect a juvenile's rights is properly overruled.

*In re X.M.*, 293 N.C. App. 98, 105 (2024) (cleaned up).

Respondent-mother argues that she made sufficient efforts to reconstruct the missing portions of the transcript, but that the reconstructive efforts were not adequate to produce a thorough alternative. Respondent-mother specifically points to certain pages of the transcript in which a DSS social worker was cross-examined and another social worker's direct and cross examination. Respondent-mother argues that similar to *State v. Yates*, the transcript, along with the reconstructive efforts, make it impossible to assess any issues for appeal. We disagree.

Unlike in *Yates*, in which an entire portion of testimony was missing in the transcript involving the State's "chief witness" and "only eyewitness," in the present case, the record is extensive and provides much of what is missing from the transcript. 262 N.C. App. 139, 145 (2018). The parties also provided supplemental narrative testimony. The areas of the transcript specified by respondent-mother in large part relate to testimony from exhibits that were entered into evidence. These exhibits are available in the record. Therefore, we determine the parties remedied

the transcript with the supplemental narratives, and where the narratives fell short, the record filled in gaps to allow for meaningful review.

When we review a termination order we consider "whether the trial court's findings of fact are supported by clear, cogent, and convincing evidence," and whether the findings in turn "support the trial court's conclusions of law." *In re B.O.A.*, 372 N.C. 372, 379 (2019). We consider challenges to the conclusions of law de novo. *In re K.N.*, 381 N.C. 823, 827 (2022). We carefully reviewed the record and the transcript; we determine it contains more than sufficient evidence to support meaningful review of the termination of parental rights order. Respondent-mother limited appellate review to whether the transcript prejudiced her. Accordingly, having reviewed the transcript and the record, we determine respondent-mother has not demonstrated prejudice. Because respondent-mother seeks no further review, we affirm the trial court's order.

## III.

For the foregoing reasons, we affirm the order terminating the parental rights of respondent-mother.

AFFIRMED.

Judges HAMPSON and GRIFFIN concur.

Report per Rule 30(e).